UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>DAVID CARTU, JONATHAN CARTU, JOSHUA CARTU, RYAN MASTEN, LEEAV PERETZ, NATI PERETZ, ALL OUT MARKETING LIMITED, BAREIT MEDIA LLC d/b/a SIGNALPUSH, BLUE MOON INVESTMENTS LTD., and ORLANDO UNION INC.,<br><br>Defendants. | Case No.: 1:20-cv-908-RP |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
RYAN MASTEN AND BAREIT MEDIA LLC**

Defendants Ryan Masten ("Masten") and BareIt Media LLC ("BareIt", together "Defendants") by way of answer to the Complaint, dated September 2, 2020, Dkt. No. 1 (the "Complaint") of Plaintiff Commodity Futures Trading Commission ("CFTC"), hereby state as follows:

**I. SUMMARY**[1]

1. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 1.

---

[1] Defendants use the headings set forth in the Complaint solely for the Court's ease of reference and Defendants deny the allegations contained in the headings unless expressly admitted.

2. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 2.

3. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 3.

4. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 4.

5. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 5.

6. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 6.

7. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 7, except to the extent that Defendants admit that Defendants received certain funds between July 2015 and January 2017.

8. Defendants deny the allegations in paragraph 8 as it relates to Defendants and deny knowledge and information concerning the remaining allegations in paragraph 8.

9. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 9.

10. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 10.

11. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 11.

12. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 12.

## II. JURISDICTION AND VENUE

13. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 13.

14. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 14.

## III. PARTIES

15. Defendants admit the allegations in paragraph 15.

**A. Individual Defendants**

16. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 16.

17. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 17.

18. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19, except that they deny that Masten used the alias of Jax Navarro in connection with acts and practices alleged in the Complaint.

20. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 20.

21. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 21.

**B. Corporate Defendants**

22. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23, except that they deny that "Masten has used BareIt to operate the Cartu Platform, including opening accounts and/or entering into agreements on behalf of the Cartu Platform; and to transfer, hold, and conceal funds obtained in connection with Defendants' fraudulent binary options scheme" and deny that "[d]uring a portion of the Relevant Period, BareIt and Masten d/b/a SignalPush, offered trade signals and auto-trader services for the Cartu Brands."

24. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 24.

25. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 25.

**C. Related Entities and Fictitious Binary Brands**

26. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 26.

27. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 27.

28. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 28.

29. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 29.

30. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 30.

31. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 31.

32. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 32 except that BeeOptions is a binary options brand.

33. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 33 except that Glenridge is a binary options brand.

34. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 34 except that Rumelia is a binary options brand.

## IV. STATUTORY BACKGROUND

### A. Prohibitions Against Off-Exchange Options Trading

35. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 35.

36. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 36.

### B. Prohibitions Against Fraud

37. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 37.

### i. Options Fraud

38. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 38.

39. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 39.

### ii. Swaps Fraud

40. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 40

41. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 41.

**C. Registration Requirements**

42. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 42.

43. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 43.

44. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 44.

45. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 45.

## V. FACTS

**A. Overview of Binary Options and Relevant Terms**

46. Defendants admit the allegations in paragraph 46.

47. Defendants admit the allegations in paragraph 47.

48. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 50.

51. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 51.

**B. Overview of the Cartu Enterprise**

52. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 52, except that they deny that they engaged in any fraudulent activity, including that they controlled or manipulated the results of any trades.

53. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 53.

54. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 54 except that Defendants registered and operated the SignalPush website.

55. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 55.

56. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 56, except to the extent that Defendants did website development and monitored server issues for TracyPAI.

57. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 57.

58. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 58.

59. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 59.

60. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 60.

61. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 61.

## C. Operation of the Cartu Brands

62. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 62.

63. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 63.

64. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 64.

65. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants admit the allegations in paragraph 67 except that they deny that they made any false representations.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 69.

70. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 70.

## D. Defendants' Fraudulent Misrepresentations and Deception

71. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 71.

72. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 72.

73. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 73.

74. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 74.

75. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 75.

76. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 76.

77. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 77.

**E. The Cartu Brothers and Masten Developed the Cartu Platform**

78. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 78.

79. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80 except that Masten was contracted to perform certain software development and was paid for that work on an hourly basis.

81. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 81.

82. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 82.

83. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 87.

88. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 88.

89. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 89.

90. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 90.

91. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 91.

92. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 92.

93. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 93.

## VI. VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT ONE

**Violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2018), and Regulation 32.4, 17 C.F.R. § 32.4 (2019)**

**Commodity Options Fraud**

94. Defendants repeat the responses to paragraphs 1 through 93 as if fully set forth herein.

95. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 95.

96. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 96.

97. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 97.

98. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 98.

99. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 99.

100. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 100.

101. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 101.

## COUNT TWO

**Violations of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2018 and Regulation 180.1(a)(1)–(3), 17 C.F.R. § 180.1(a)(1)–(3) (2019)**

### Fraud by Deceptive Device or Contrivance

102. Defendants repeat the responses to paragraphs 1 through 101 as if fully set forth herein.

103. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 103.

104. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 104.

105. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 105.

106. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 106.

107. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 107.

108. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 108.

109. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 109.

110. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 110.

111. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 111.

## COUNT THREE

**Violations of Sections 4k(3) and 4m(1) of the Act, 7 U.S.C. §§ 6k(3) and 6m(1) (2018)**

**Failure to Register as a CTA (BareIt) and
Failure to Register as an AP of a CTA (Masten)**

112. Defendants repeat the responses to paragraphs 1 through 111 as if fully set forth herein.

113. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 113.

114. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 114.

115. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 115.

116. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 116.

117. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 117.

118. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 118.

## COUNT FOUR

### Violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2018), and Regulation 32.2, 17 C.F.R. § 32.2 (2019)

### Illegal Off-Exchange Commodity Options

119. Defendants repeat the responses to paragraphs 1 through 119 as if fully set forth herein.

120. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 120.

121. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 121.

122. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 122.

123. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 123.

124. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 124.

125. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 125.

126. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 126.

127. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 127.

128. Defendants deny knowledge or information sufficient to respond to the allegations in paragraph 128.

## VII. RELIEF REQUESTED

129. Defendants deny each and every material allegation not heretofore controverted and demand strict proof thereof.

130. To the extent not otherwise denied, Defendants deny Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clauses set forth in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the lack of standing on the part of Plaintiff to assert those claims.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred, in whole or in part, by the acts and omissions of Plaintiff and/or Defendants' co-defendants.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendants at all times acted in good faith and in the belief that their conduct conformed with all applicable laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims are barred in whole or in part because Defendants did not act at any time with scienter.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred in whole or in part because none of the alleged misrepresentations or omissions were material.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred in whole or in part because no investor reasonably relied on the alleged misrepresentations or omissions.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred in whole or in part because Defendants were not acting at any relevant time as a Commodity Trading Advisor ("CTA") or Associated Person of a CTA.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred in whole or in part because Defendants did not provide any advice or guidance in connection with any binary options transaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred in whole or in part because the alleged misrepresentations and omissions, if any, were made by third parties over whom Defendants had no control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred in whole or in part because the alleged customer losses, if any, were caused by events over which, or the actions or inactions of third parties or over whom, Defendants had no control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred in whole or in part to the extent alleged transactions occurred outside the United States or with non-U.S. residents.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants reserve the right to assert additional affirmative defenses upon the completion of discovery in this adversary proceeding.

**WHEREFORE**, Defendants respectfully request the Court to:

a. Dismiss the Complaint in its entirety, with prejudice;

b. Deny each and every demand, claim, and prayer for relief contained in the Complaint;

c. Award Defendants the reasonable attorneys' fees and costs they incur in defending this action; and

d. Grant Defendants such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants Ryan Masten and BareIt Media LLC hereby demand a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

Respectfully submitted,

_____
Stefan Savic*
**SHIPKEVICH PLLC**
165 Broadway, STE 2300
New York, New York 10006
Telephone:    (212) 252-3003
Facsimile:      (888) 568-5815
ssavic@shipkevich.com
*Attorneys for Defendants Ryan Masten and BareIt Media LLC*

*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

_____
Stefan Savic