IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 1:20-CV-908-RP |
| DAVID CANTU, et. al., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff Commodity Futures Trading Commission ("CFTC") motion for an order directing service by publication, (Mot., Dkt. 29). CTFC filed its complaint on September 2, 2020. (Dkt. 1). CTFC has not yet served Defendants David Cartu, Jonathan Cartu, Joshua Cartu, Leeav Peretz, and Nati Peretz (collectively, the "Foreign Individual Defendants"), or Blue Moon Investments, Ltd. ("Blue Moon") and Orlando Union, Inc. ("Orlando Union") (together, the "Foreign Corporate Defendants," and, with the Foreign Individual Defendants, the "Foreign Defendants"). Because the Foreign Defendants are located outside of the United States, CFTC contends that is has been unable to serve them "despite diligent efforts." (Dkt. 29, at 1). Having considered CTFC's motion and the relevant law, the Court will grant the motion.

**I. BACKGROUND**

CFTC brings this lawsuit against Defendants David Cartu, Jonathan Cartu, Joshua Cartu, Ryan Masten, Leeav Peretz, Nati Peretz, All Out Marketing Limited, BareIt Media LLC d/b/a SignalPush, Blue Moon Investments Ltd., and Orlando Union Inc.'s (collectively, "Defendants") based on the allegedly fraudulent "binary options" trading scheme they propagated throughout the United States and other countries. (*See* Compl., Dkt. 1). CFTC alleges that Defendants acted in concert to offer "illegal, off-exchange binary option trading on currency pairs, oil, and other

1

commodities on internet websites through customer-facing brands they owned and operated." (*Id.* at 1–2, 4). CTFC brings four counts of violations of the Commodity Exchange Act ("Act"), seeking damages and injunctive relief against all Defendants. As of the date of this order, only two of the ten Defendants have been served. (*See* Dkts. 11, 17, 21).

By way of the instant motion, CFTC seeks an order from the Court authorizing them to serve the Foreign Defendants by: "(1) sending the Summons and Complaint via ordinary mail, no signature required, to each Defendant's last known address; (2) sending the Summons and Complaint by email to accounts used by the individual defendants in connection with the fraudulent conduct at issue and to last known email accounts used by the individual defendants; and (3) publishing a notice in the form submitted as Exhibit 1 in the Times of Israel, an independent, online newspaper that has extensively covered the multi-billion-dollar global binary options industry that operated out of Israel, and the Toronto Star, a daily newspaper based in Toronto, Ontario, advising the Foreign Defendants of this matter and providing a link to the Complaint." (Dkt. 29, at 2). In addition, CFTC asks the Court to extend the time to serve Defendants by an additional 60 days from the date of this order. (*Id.*).

## II.  DISCUSSION

Service of process is governed by Rule 4. When the party at issue is a foreign business entity, Rule 4(h)(2) directs that service of process is authorized in the same manner as that prescribed by Rule 4(f) for serving individuals outside the United States. For its part, Rule 4(f) provides that such service may be made by means that include international agreements such as the Hague Convention or, under Rule 4(f)(3), "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Here, CFTC has unsuccessfully attempted to serve the Foreign Defendants via the Hague Convention in Israel, Hungary, Belize, and the Seychelles. (*See* Dkt. 29, at 5–7). As such, the Court finds that service through alternative means under Rule 4(f)(3) is proper.

*See Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, 2014 WL 11342502, at *2 (W.D. Tex. July 2, 2014) ("If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague Conviction is not always mandatory."); *see also Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 13 (D.D.C. 2016) ("[T]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.").

The Court will thus assess the reasonableness CFTC's proposed alternative means of service. First, CFTC proposes serving the Foreign Defendants by email. (Dkt. 29, at 11). CFTC includes the email addresses at which it seeks to serve the Individual Foreign Defendants, noting that the Individual Foreign Defendants used these email addresses "to communicate with their employees and agents and engage in other activities in connection with the fraudulent binary options scheme." (*Id.* at 8); *See, e.g., MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co.*, Ltd., No. 08-cv-2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (determining service via email and fax were reasonably calculated to apprise defendants of the action where defendants conduct business through their website and correspond with customers via email); *Broadfoot v. Diaz*, 245 B.R. 715, 719–20 (Bankr. N.D. Ga. 2000) (authorizing service via email).

Second, CFTC requests permission to serve the Foreign Defendants by ordinary mail to "increase[] the likelihood that defendants will receive actual notice" since mail "requiring a signed return receipt can empower those who seek to evade or refuse service." (Dkt. 29, at 12). Because CFTC has already unsuccessfully attempted to serve the Foreign Defendant by certified mail, the Court finds that service by ordinary mail, in conjunction with CFTC's other proposed methods is 'reasonably calculated' to provide notice" to the Foreign Defendants given the information available to CFTC. *See Taylor v. United States*, 483 F.3d 385, 388 (5th Cir.2007).

Lastly, CFTC proposes serving the Foreign Defendants by publishing a notice of the lawsuit in the Times of Israel and the Toronto Star. (Dkt. 29, at 12). CFTC asks for permission to publish a notice providing a link to CTFC's website where a copy of the complaint in this case is posted in the Times of Israel and Toronto Start for one week, with the notice remaining on the back of the Times of Israel for at least six months. (*Id.* at 8). Because other courts have found that service by publication is proper where, as here, the current location of the Foreign Defendants is unknown and CTFC has made diligent efforts to serve the Foreign Defendants via the Hague Convention, the Court finds that service by publication by the means specified by CTFC is proper. *See e.g., BP Prods. N. Am. Inc. v. Dagra*, 236 F.R.D. 2370, 272 (E.D. Va. 2006); *see also SEC v. Shehyn*, 2008 WL 6150322, at \*3 (S.D.N.Y. Jan. 26, 2010).

Because CFTC's proposed means of alternative service are "reasonably calculated, under all the circumstances, to apprise [Foreign Defendants] of the pendency of the action and afford them an opportunity to present their objections," CFTC's proposed means of alternative service satisfy the constitutional standards of due process. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). As such, the Court will grant CFTC's motion to serve the Foreign Defendants by alternative means, including publication.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that CFTC's motion for an order directing service by publication, (Dkt 29), is **GRANTED**.

**IT IS FURTHER ORDERED** that CFTC shall serve the Foreign Defendants by (1) sending the Summons and Complaint via ordinary mail, no signature required, to each Foreign Defendant's last known address; (2) sending the Summons and Complaint by email to accounts used by the Individual Foreign Defendants in connection with the fraudulent conduct at issue and to last known email accounts used by the Individual Foreign Defendants; and (3) publishing a notice in the

form submitted at Dkt. 29-1 in the Times of Israel, an independent, online newspaper that has extensively covered the multi-billion-dollar global binary options industry that operated out of Israel, and the Toronto Star, a daily newspaper based in Toronto, Ontario, advising the Foreign Defendants of this matter and providing a link to the Complaint.

**IT IS FINALLY ORDERED** that the deadline to file a proposed scheduling order in this case is extended to 90 days after the entry of this order.

**SIGNED** on July 28, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE