# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

---------------------------------------------------------------- X
COMMODITY FUTURES TRADING
COMMISSION,

          Plaintiff,

   v.

DAVID CARTU, JONTHAN CARTU, JOSHUA
CARTU, RYAN MASTEN, LEEAV PERETZ,
NATI PERETZ, ALL OUT MARKETING
LIMITED, BAREIT MEDIA LLC d/b/a
SIGNALPUSH, BLUE MOON INVESTMENTS
LTD., and ORLANDO UNION, INC.,

          Defendants.

---------------------------------------------------------------- X

Case No.: AU:20-CV-00908-RP

**DEFENDANT JOSHUA CARTU'S REPLY IN FURTHER SUPPORT OF HIS MOTION
TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
I. THE COURT LACKS PERSONAL JURISDICTION OVER JOSH .............................. 2
II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST JOSH ............................ 4
    A. THE COMPLAINT FAILS TO SATISFY THE REQUIREMENTS OF
       RULES 8 AND 9(B) ................................................................................................ 4
    B. THE OPPOSITION DOES NOT RESCUE THE COMPLAINT'S
       FAILURE TO PLEAD THE ELEMENTS OF COUNTS 1, 2, AND 4 ................ 6
    C. THE COMPLAINT'S CONCLUSORY ALLEGATIONS REGARDING
       CONTROL PERSON LIABILITY ARE INSUFFICIENT .................................. 6
III. THE CFTC'S ATTEMPTED SERVICE OF PROCESS ON JOSH WAS
     INSUFFICIENT AND WARRANTS DISMISSAL ........................................................ 8
IV. THE RELIEF REQUESTED IN THE FORMS OF DISGORGEMENT AND
     RESTITUTION SHOULD BE DISMISSED ................................................................. 10
CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bar Grp., LLC v. Bus. Intel. Advisors, Inc.*,
　215 F. Supp. 3d 524 (S.D. Tex. 2017) ...................................................................................3

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ...............................................................................................................4

*Calder v. Jones*,
　465 U.S. 783 (1984) ...............................................................................................................3

*CFTC v. Hunter Wise Commodities*, LLC,
　1 F. Supp. 3d 1311 (S.D. Fla. 2014) .....................................................................................7

*CFTC v. Johnson*,
　408 F. Supp. 2d 259 (S.D. Tex. 2005) ..................................................................................7

*CFTC v. Lake Shore Asset Mgmt. Ltd.*,
　No. 07 C 3598, 2007 WL 2659990 (N.D. Ill. Aug. 28, 2007) ..............................................5

*CFTC v. Total Call Grp., Inc.*,
　No. 4:10-cv-00513-RAS-DDB, 2012 WL 1642196 (E.D. Tex. Mar. 30, 2012) ...................7

*CFTC v. Trade Exch. Network Ltd.*,
　117 F. Supp. 3d 29 (D.D.C. 2015) .........................................................................................4

*CFTC v. Wall St. Underground, Inc.*,
　281 F. Supp. 2d 1260 (D. Kan. 2003) ...................................................................................4

*De La Hoya v. Coldwell Banker Mexico, Inc.*,
　125 F. App'x 533 (5th Cir. 2005) ..........................................................................................5

*Embarcadero Techs., Inc. v. Redgate Software Inc.*,
　No. 1:17–cv–444–RP, 2018 WL 315753 (W.D. Tex. Jan. 4, 2018) ......................................3

*Fernandez-Lopez v. Hernandez*,
　No. DR:19-CV-46-AM-CW, 2020 WL 9396523 (W.D. Tex. Oct. 1, 2020) .........................3

*FTC v. E.M.A. Nationwide, Inc.*,
　767 F.3d 611 (6th Cir. 2014) .................................................................................................4

*FTC v. John Beck Amazing Profits, LLC*,
　865 F. Supp. 2d 1052 (C.D. Cal. 2012) .............................................................................5, 6

*FTC v. On Point Cap. Partners LLC*,
   17 F.4th 1066 (11th Cir. 2021) ................................................................................................5, 6

*FTC v. Tax Club, Inc.*,
   994 F. Supp. 2d 461 (S.D.N.Y. 2014) .............................................................................................4

*Head v. Las Vegas Sands, LLC*,
   760 F. App'x 281 (5th Cir. 2019) ...................................................................................................3

*Hill v. Aramark Healthcare Mgmt. Servs.*,
   No. 3:06-CV-0051-B, 2006 WL 8437490 (N.D. Tex. Apr. 20, 2006) ........................................5

*Kokesh v. SEC*,
   137 S. Ct. 1635 (2017) ..................................................................................................................10

*Liu v. SEC*,
   140 S. Ct. 1936 (2020) ..................................................................................................................10

*Martone v. Robb*,
   No. 1:15-CV-877 (RP), 2017 WL 3326966 (W.D. Tex. Aug. 2, 2017) ......................................4

*Nat'l Indus. Sand Ass'n v. Gibson*,
   897 S.W.2d 769 (Tex. 1995) ..........................................................................................................3

*Nguyen v. Phu Nguyen*,
   No. 4:19-CV-2229, 2020 WL 709328 (S.D. Tex. Feb. 12, 2020) ................................................3

*Paolino v. Argyll Equities, L.L.C.*,
   401 F. Supp. 2d 712 (W.D. Tex. 2005) ..........................................................................................3

*Southampton, Ltd. v. Le Norman*,
   No. 3:18-CV-1089-K, 2019 WL 7902959 (N.D. Tex. Sept. 3, 2019) .......................................10

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ..................................................................................................................10

*Thompson v. Deutsche Bank Nat'l Tr. Co.*,
   775 F.3d 298 (5th Cir. 2014) ..........................................................................................................9

*Veliz v. Rimax Contractors, Inc.*,
   No. 15-cv-6339, 2016 WL 1704496 (E.D. La. Apr. 28, 2016) ....................................................8

**Statutes and Rules**

7 U.S.C. § 13a-1(e) .............................................................................................................................10

28 U.S.C. § 1391(c)(3) ........................................................................................................................10

Fed. R. Civ. P. 4 ..............................................................................................................................8, 9

Fed. R. Civ. P. 8 .............................................................................................................................4, 6

Fed. R. Civ. P. 9(b) ......................................................................................................................4, 6

Fed. R. Civ. P. 12 ............................................................................................................1, 4, 8, 10

Defendant Joshua Cartu ("Josh")[1] respectfully submits this reply memorandum in further support of his motion to dismiss Plaintiff CFTC's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6).

**PRELIMINARY STATEMENT**

Instead of rectifying the Complaint's shortcomings, the CFTC's Opposition brief (hereinafter, the "Opposition" or "Opp.") leans into and adopts the Complaint's deficiencies, hiding behind a common enterprise theory in an attempt to circumvent individualized pleading requirements. This theory cannot and does not save the Complaint *against Josh* from its lack of allegations *specific to Josh*. Like the Complaint, the Opposition repeatedly lumps Josh together with the other co-defendants, but particularly with his brothers, David and Jonathan, without differentiating the actions Josh is alleged to have undertaken. Indeed (and as outlined in the Opening Brief), aside from the CFTC's attempt to include him in the generic group allegations against what the CFTC dubs the "Cartu Brothers" concerning what the CFTC dubs the "Cartu Brands" and the "Cartu Platform," the only *specific* allegations in the Complaint against Josh can be summarized in five bullet points. *See* Opening Brief at 2–3. The Opposition does not dispute that the Complaint's *specific* allegations against Josh are extremely sparse and limited.

Presented with an opportunity to identify Josh's purported role in the alleged scheme, the CFTC again fell far short: its Opposition, like its Complaint, fails to specify any alleged contact that *Josh* had with or targeted toward the U.S., such that there could be any legitimate basis for this Court to exercise jurisdiction over him, and lacks any particularized allegations about what *Josh* purportedly said, wrote, saw, heard, or otherwise did in furtherance of the alleged fraudulent

---

[1] This brief uses the terms defined in Josh's motion to dismiss (the "Opening Brief") as if defined here. Put another way, to the extent any terms were defined in the Opening Brief, those terms have the same meanings here and are used throughout.

1

scheme. The allegations in the Complaint are few and far between (if any) to support Josh's alleged involvement in any purported common enterprise. The Opposition fails to save the Complaint from these serious deficiencies, and this Court should therefore grant Josh's motion to dismiss.[2]

## ARGUMENT

**I.      THE COURT LACKS PERSONAL JURISDICTION OVER JOSH**

Josh joins in and incorporates by reference the further legal arguments and pleading failures identified regarding personal jurisdiction as set forth in the replies in further support of the motions to dismiss filed by David and Jonathan. As with David and Jonathan, the Opposition (like the Complaint) fails to identify any particularized allegation against Josh that would support a finding that he had any contact—let alone sufficient minimum contacts—with this forum, or that he purposefully availed himself of this forum. Rather, the CFTC simply groups Josh together with David and Jonathan claiming *without support* that "*each* of the Cartus purposely directed his activities—*i.e.*, the solicitation of customers and offering and entry of binary options transactions—to the United States." (Opp. at 7 (emphasis added).) For instance, the Opposition references paragraphs 3, 4, 19, 23, and 54 of the Complaint in an attempt to support the CFTC's claim that it has alleged that Josh has sufficient minimum contacts with the forum or that he purposefully availed himself of the forum. (Opp. at 7.) This misses the mark; none of these paragraphs make any allegations regarding Josh individually, but rather solely rely on grouping him together with David and Jonathan. (¶¶ 3, 4, 19, 23, 54.) Thus, aside from generalities and group pleading, the Opposition wholly fails to point to any particularized allegations regarding

---

[2] In the interest of brevity and preservation of resources of both the parties and the Court, Josh does not undertake to address every argument presented in the CFTC's Opposition. Where not addressed herein, Josh relies on the arguments already asserted in his prior submission as well as those legal arguments in Jonathan and David's submissions that he joins.

2

*Josh's* supposed contacts with the forum, or what he allegedly did to purposefully avail himself of the forum.

Nor is the CFTC's contention that it has sufficiently pleaded personal jurisdiction as to Josh because the "Complaint adequately alleges that the Cartus controlled the web of companies they used to effectuate their scheme" compelling. (Opp. at 8.) That position is contrary to the requirements of courts in this Circuit, which require "plaintiffs to submit evidence supporting personal jurisdiction over *each* defendant without grouping them together." *Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019) (emphasis added); *see Calder v. Jones*, 465 U.S. 783, 790 (1984) ("*Each* defendant's contacts with the forum State must be assessed *individually*.") (emphasis added) (citation omitted); *Embarcadero Techs., Inc. v. Redgate Software Inc.*, No. 1:17–cv–444, 2018 WL 315753, at *6 (W.D. Tex. Jan. 4, 2018) (Pitman, J.) (rejecting aiding and abetting theory as insufficient to confer personal jurisdiction, citing cases holding that personal jurisdiction must be established as to each defendant individually and not merely as part of conspiracy, and finding that plaintiff failed to adequately allege that defendant had authority to assign tasks or control purported agent, such that it could not use agency relationship to satisfy personal jurisdiction).[3] The CFTC has thus failed to meet its burden of establishing general or

---

[3] *See also Fernandez-Lopez v. Hernandez*, No. 19-CV-46, 2020 WL 9396523, at *8 (W.D. Tex. Oct. 1, 2020), *report and recommendation adopted*, 2020 WL 9396487 (W.D. Tex. Nov. 20, 2020) ("To establish jurisdiction, a plaintiff still must establish sufficient minimum contacts within the forum state *for each individual defendant*, which Plaintiffs have not done.") (emphasis added); *Paolino v. Argyll Equities, L.L.C.*, 401 F. Supp. 2d 712, 720 (W.D. Tex. 2005) ("Although Plaintiff alleges that the Defendants engaged in a conspiracy, the Court must evaluate each Defendant's contacts separately to determine whether personal jurisdiction exists.") (citing *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995)); *Nguyen v. Phu Nguyen*, No. 4:19-CV-2229, 2020 WL 709328, at *4 (S.D. Tex. Feb. 12, 2020) ("a nonresident's alleged conspiracy with a Texas resident does not confer personal jurisdiction over the nonresident in Texas") (citations omitted); *Bar Grp., LLC v. Bus. Intel. Advisors, Inc.*, 215 F. Supp. 3d 524, 539 (S.D. Tex. 2017) ("Allegations of conspiracy will not establish a prima facie case of personal jurisdiction; a plaintiff must show that each defendant individually, and not as

3

specific jurisdiction over Josh, and the Court should therefore dismiss the Complaint as to him under Rule 12(b)(2).

## II.     THE COMPLAINT FAILS TO STATE A CLAIM AGAINST JOSH

The Opposition, much like the Complaint, relies on bald allegation and purports to read particularity requirements out of the law. For these reasons, the Opposition cannot and does not save the Complaint from its failure to provide "enough facts to state a claim that is plausible on its face" against Josh, and therefore should be dismissed under Rule 12(b)(6). *See e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Martone v. Robb*, No. 1:15-CV-877, 2017 WL 3326966, at *2 (W.D. Tex. Aug. 2, 2017) (Pitman, J.) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted), *aff'd,* 902 F.3d 519 (5th Cir. 2018).

### A.     The Complaint Fails to Satisfy the Requirements of Rules 8 and 9(b)

Josh joins in and incorporates by reference the further legal arguments regarding the Complaint's failure to satisfy the requirements of Rules 8 and 9(b) as set forth in David and Jonathan's reply briefs. With respect to Josh, the CFTC's argument, again, hinges on his purported involvement in a "common enterprise" with David, Jonathan, and the other defendants to circumvent complying with the plain requirements of Rule 8.[4]  In so arguing, the CFTC attempts

---

part of a conspiracy, purposely established minimum contacts with Texas that would satisfy due process.") (citations omitted).

[4] The CFTC's argument misses the mark. Indeed, the cases cited by the CFTC, *see* Opp. at 10–13, are not controlling and/or are easily distinguishable. *See FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 637 (6th Cir. 2014) (recognizing common enterprise theory could support **joint and several liability** but not addressing question of individualized pleading requirements); *CFTC v. Wall St. Underground, Inc.*, 281 F. Supp. 2d 1260, 1271 (D. Kan. 2003) (finding individual could not be liable under common enterprise theory where CFTC failed to provide evidentiary support for allegations); *CFTC v. Trade Exch. Network Ltd.*, 117 F. Supp. 3d 29, 39 (D.D.C. 2015) (determining existence of common enterprise **on summary judgment** and not addressing individualized pleading requirements); *FTC v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014) (specific allegations that each defendant joined or participated in common

to skip a critical step. Even if common enterprise theory of liability is viable, which we do not concede, it does not relieve the CFTC of sufficiently pleading the individual defendant's role in purportedly joining and taking actions on behalf of this alleged common enterprise. Stated another way, just saying a defendant joined a common enterprise, without sufficiently pleading facts as to how that individual defendant joined and acted for that common enterprise, is insufficient to satisfy pleading or proof requirements. No case cited by CFTC does away with the individualized pleading requirement the CFTC seeks to skirt. Indeed, two of the cases on which the CFTC relies, *FTC v. On Point Cap. Partners LLC*, 17 F.4th 1066, 1083 (11th Cir. 2021) and *FTC v. John Beck Amazing Profits, LLC*, 865 F. Supp. 2d 1052, 1082 (C.D. Cal. 2012) highlight the critical requirement of pleading and proving specific facts as to the individual under consideration. As the 11th Circuit in *On Point* held:

> [f]or an individual to be responsible under the FTCA for the wrongdoings of a corporation, the FTC *must show* that the individual had some knowledge of the practices and that *the individual either participated directly in the practice or acts or had the authority to control them*.

17 F.4th at 1083 (internal quotations omitted) (emphasis added); *accord John Beck,* 865 F. Supp. 2d at 1082 (individuals liable only if government demonstrates "*the individual defendants participated directly in the wrongful acts or practices* [and] the individual defendants had some knowledge of the wrongful acts or practices.") (citations omitted).

---

enterprise appear from the opinion far greater than the scant allegations against Josh here); *Hill v. Aramark Healthcare Mgmt. Servs.*, No. 3:06-CV-0051-B, 2006 WL 8437490, at *3 (N.D. Tex. Apr. 20, 2006) (discussing whether **joinder was improper**); *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537 (5th Cir. 2005) (discussing whether **removal was appropriate**); *CFTC v. Lake Shore Asset Mgmt. Ltd.*, No. 07 C 3598, 2007 WL 2659990, at *24 (N.D. Ill. Aug. 28, 2007) (discussing common enterprise in connection with **preliminary injunction and proposed findings of fact** and not addressing individualized pleading and proof requirements for each defendant).

Patently, the Complaint fails to meet the *On Point* and *John Beck* standards as to Josh. It is undisputed that the Complaint contains few (if any) individualized allegations as to Josh's individual involvement in the supposed scheme, fraud or alleged common enterprise.[5] These scant allegations can hardly meet the requirements of Rule 8, let alone the heightened requirements of Rule 9(b), and therefore the Complaint should be dismissed.

### B. The Opposition Does Not Rescue the Complaint's Failure to Plead the Elements of Counts 1, 2, and 4

As with the rest of the Opposition, the CFTC's claim that the Complaint sufficiently pleads the elements of Counts 1, 2, and 4 misses the point. Rather than grapple with the fact that the Complaint contains few, if any, allegations concerning the nature of the alleged binary options or swaps at issue here, and thereby fails to plead that the financial instruments were *in fact* transactions commonly known to the trade as options or swaps covered by the CEA, the CFTC merely repeats its position that binary options are options and swaps. *See* Opp. at 16–17. There is not even an attempt to show how the Complaint has plead the elements sufficiently, because the CFTC cannot make that showing. For these reasons, and those outlined in Josh's Opening Brief, the CFTC has not adequately plead the elements of Counts 1, 2, and 4, and therefore this Court should dismiss those claims as to Josh.

### C. The Complaint's Conclusory Allegations Regarding Control Person Liability are Insufficient

As outlined in Josh's Opening Brief, the CFTC has not adequately alleged that Josh is a control person, as it has not shown that Josh (1) controlled an entity alleged to be principally liable, (2) lacked good faith, and (3) knowingly induced the acts at issue. For example, nowhere in the

---

[5] Just a handful of the paragraphs in the Complaint relied upon by the Opposition, *see* Opp. at 10–13, 17–22, reference Josh individually. (*Compare* ¶¶ 2–3, 22, 24, 26–36, 53, 62, 64, 69, 72–77, 80, 82, 85–87, 120–26, 128 *with* (referencing Josh individually) ¶¶ 7, 25, 71, 84, 127.)

6

Complaint or the Opposition does the CFTC allege that Josh had control over *any* of the individuals or entities that allegedly operated the "Cartu Brands," nor does it allege that Orlando Union was part of the "Cartu Brands" or the "Cartu Platform," which are the alleged entities that form the supposed common enterprise to which the CFTC so desperately clings. Rather, the Opposition points to a handful of paragraphs that (perhaps unsurprisingly) lump Josh together with David and Jonathan, making it impossible to ascertain which aspects of which business *Josh* purportedly controlled.

Moreover, any allegations regarding lack of good faith are conclusory: the CFTC has not met its burden to show that Josh failed to maintain a "'reasonably adequate system of internal supervision and control' or did not oversee the system 'with any reasonable diligence.'" *CFTC v. Hunter Wise Commodities*, *LLC*, 1 F. Supp. 3d 1311, 1323 (S.D. Fla. 2014) (citations omitted); *CFTC v. Johnson*, 408 F. Supp. 2d 259, 269 (S.D. Tex. 2005). The allegations are only the bare contention that Josh "did not act in good faith." (¶¶ 100, 110, 127.) These conclusory allegations standing alone do not meet the CFTC's burden of sufficiently pleading that Josh did not act in good faith to such an extent that would render him liable for the acts of others, and the Opposition's reliance on allegations that group together Josh with others (*see* Opp. at 15) cannot be sufficient. *CFTC v. Total Call Grp., Inc.*, No. 4:10-cv-00513, 2012 WL 1642196, at *10 (E.D. Tex. Mar. 30, 2012). Last, the CFTC has failed to establish the "knowing inducement" element: there are no allegations about Josh's individual supposed role in the purported binary options business, no allegations about Josh's supposed responsibilities, and no allegations that Josh actively failed to take steps to prevent the alleged underlying violations. The Complaint's threadbare allegations as to Josh at most describe Josh as a passive investor. The Court should thus dismiss all counts against Josh to the extent the CFTC seeks to hold him liable under a control person theory.

### III.  THE CFTC'S ATTEMPTED SERVICE OF PROCESS ON JOSH WAS INSUFFICIENT AND WARRANTS DISMISSAL

The Complaint should also be dismissed under Rule 12(b)(5)[6] because the CFTC's attempted service on Josh was untimely under Rules 4(m) and 4(f). Rather than reiterating the arguments presented in the Opening Brief that outline why the CFTC's attempted service of Josh lacked reasonable diligence, Opening Brief at 18–21, Josh responds here to the few points made in the Opposition.

*First*, the Opposition, like the Service Motion, offers no explanation for why the CFTC waited *nearly 245 days, or eight months*, after its second alleged attempt at service before seeking the Court's approval for alternative service. Opp. at 33. Rather, the CFTC's response is that the Service Motion itself contained grounds for why the time to serve Josh should be extended. This is not an explanation for why the *CFTC* waited so long to *file the Service Motion in the first place*. And while the Court may have granted the CFTC's Service Motion, *ex parte*, that alone (contrary to what the CFTC may argue, Opp. at 33) is not dispositive of whether the CFTC was reasonably diligent in attempting to serve Josh.

*Second*, the CFTC's suggestions that *Josh* (1) has an obligation to act with reasonable diligence, (2) should have affirmatively waived service, (3) is "tak[ing] advantage of the delay caused by the Hague Convention and the pandemic," and (4) obligated to "g[i]ve" the CFTC "[some]thing" in exchange for "extra time" to respond to the CFTC's complaint (to which the CFTC *consented*) is improper and turns the requirements of the law on its head. Opp. at 34–35. As

---

[6] The suggestion that Rule 12(b)(5) is an improper avenue to challenge the sufficiency of service ignores the case law cited in Josh's Opening Brief, the plain language of Rule 12(b)(5) ("insufficient service of process"), and the reality that the Alternative Service Order was an *ex parte* proceeding that—had Josh challenged at the time—could have waived his jurisdictional arguments. *See e.g.*, *Veliz v. Rimax Contractors, Inc.*, No. 15-cv-6339, 2016 WL 1704496, at *3 (E.D. La. Apr. 28, 2016) (granting 12(b)(5) motion where complaint was not timely served); *see also* Opening Brief at 21 n.9.

to the first and second point, counsel for Josh is unaware of any case in this Circuit that requires a defendant to act with reasonable diligence in affirmatively contacting plaintiffs regarding a waiver of service. Indeed, just three weeks after contacting the CFTC about a potential waiver of service, counsel for Josh executed the same. *See* Opp. at 34. And notably, the CFTC makes no representation about whether it reached out to counsel for Josh before filing its Service Motion—rendering its argument that Josh "chose not" to avoid unnecessary expense under Rule 4(d) woefully lopsided at best. *See* Opp. at 34 n.19. Regarding the third point, "[a] defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014). To suggest that Josh is somehow "taking advantage" of the CFTC's own delays in filing its Service Motion belies this well-settled principle of law. And finally, with respect to the fourth point, the suggestion that Josh is obliged to "g[i]ve" the CFTC "[some]thing" in exchange for additional time to respond to the CFTC's complaint is nonsensical. Opp. at 34 n.19. It is unclear what exactly the CFTC seeks "in exchange." Opp. at 34 n.19. This argument is all the more puzzling considering that the CFTC *consented* to Josh's request for additional time—a request that was made after it became clear that settlement negotiations would not be fruitful and one to which the CFTC could have just as easily *not* consented.

*Finally*, the CFTC fails to address Josh's arguments that its attempted service by USPS was improper (Opening Brief at 19–20), that it has not offered any reasonable basis for concluding that Josh was located in Hungary and could thus be properly served there (*Id.* at 20), and that it proffered no explanation as to why it did not attempt to serve Josh in Russia despite having evidence indicating that Josh may be in Russia (*Id.* at 20). The Opposition fails to show that the CFTC exercised reasonable diligence in its attempts to serve Josh prior to seeking relief from this

Court, and therefore, the Complaint should be dismissed under Rule 12(b)(5) for insufficient service of process.

## IV.  THE RELIEF REQUESTED IN THE FORMS OF DISGORGEMENT AND RESTITUTION SHOULD BE DISMISSED

Parts D and E of the Relief Requested seek improperly broad disgorgement of "all benefits received" and "full restitution," respectively. Raising these issues to the Court at this stage is neither premature nor "semantic nit-picking" as the CFTC suggests. While it may be unusual for a Court to address the viability of such relief at the motion to dismiss stage, the arguments that certain relief is time-barred goes directly to the scope of the Court's jurisdiction and the other arguments pertaining to scope of relief can better inform the parties in the context of any potential settlement negotiations. For these reasons, Josh respectfully asks the Court to consider the arguments set forth in his Opening Brief regarding the scope and availability of disgorgement and restitution in light of the decisions in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017) and *Liu v. SEC*, 140 S. Ct. 1936 (2020).[7]

## CONCLUSION

For the reasons stated above, and for those outlined in Josh's motion to dismiss, the CFTC's claims against Josh should be dismissed as a matter of law and should be dismissed with prejudice.

---

[7] In his Opening Brief, Josh challenged the propriety of venue under the statute the CFTC affirmatively plead it was relying upon. *See* Opening Brief at 15; ¶ 14 (citing only 7 U.S.C. § 13a-1(e)). Now, long after the Complaint was filed in 2020 and Defendants moved to dismiss for improper venue, the CFTC seeks to change its basis for venue to the so-called "alien venue rule" in 28 U.S.C. § 1391(c)(3), a statute nowhere cited in the Complaint. It seeks to excuse this failure by citing to *Southampton, Ltd. v. Le Norman*, No. 3:18-CV-1089, 2019 WL 7902959, at *3 (N.D. Tex. Sept. 3, 2019), but that case simply does not countenance raising, by surprise, a new basis for venue after a motion to dismiss is filed. Moreover, as the CFTC admits, the Supreme Court, albeit expressly not commenting on venue related to foreign entities, held that the general venue statute in section 1391 did not alter the specific patent venue statute. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).

Dated: May 9, 2022                                               Respectfully submitted,

| **ARENT FOX LLP** | **HUSCH BLACKWELL LLP** |
|---|---|
| By: */s Glenn Colton* <br> Glenn Colton (*Pro Hac Vice*) <br> Michelle J. Shapiro (*Pro Hac Vice*) <br> 1301 Avenue of the Americas, 42nd Floor <br> New York, NY 10019 <br> Telephone: 212.484.3900 <br> Facsimile: 212.484.3990 <br> glenn.colton@arentfox.com <br> michelle.shapiro@arentfox.com | By: */s Gregg N. Sofer* <br> Gregg N. Sofer <br> 111 Congress Avenue, Suite 1400 <br> Austin, TX 78701 <br> Telephone: 512.472.5456 <br> Facsimile: 512.479.1101 <br> gregg.sofer@huschblackwell.com |

*Attorneys for Defendant Joshua Cartu*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

                                                       /s Glenn Colton
                                                       Glenn Colton