IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAVID CARTU, JONATHAN CARTU, JOSHUA CARTU, RYAN MASTEN, LEEAV PERETZ, NATI PERETZ, ALL OUT MARKETING LIMITED, BAREIT MEDIA LLC D/B/A SIGNALPUSH, BLUE MOON INVESTMENTS LTD., AND ORLANDO UNION INC., <br><br> Defendants. | 1:20-CV-908-RP |

**DEFENDANT JONATHAN CARTU'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), (b)(3), AND (b)(6)**

SPIRO HARRISON
David B. Harrison
363 Bloomfield Avenue, Suite 2C
Montclair, NJ 07042
dharrison@spiroharrison.com

*Attorneys for Defendant
Jonathan Cartu*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................. 1
LEGAL ARGUMENT .................................................................................................................. 2
   I.     THIS COURT LACKS PERSONAL JURISDICTION OVER JONATHAN. .............. 2
   II.    THE CFTC HAS FAILED TO STATE A CLAIM AGAINST JONATHAN. .............. 7
      A.  The CFTC Has Failed to Satisfy the Requirements of Fed. R. Civ. P. 8. ........................ 7
      B.  The CFTC Has Failed to Satisfy the Requirements of Fed. R. Civ. P. 9(b). ................... 7
      C.  The CFTC Has Failed to State a Claim Upon Which Relief Can Be Granted................. 8
         1.     The Complaint Does Not Adequately Plead the Elements of Counts 1, 2, and 4 Against Jonathan Cartu. ...................................................................................... 8
         2.     The Complaint Does Not Adequately Allege that Jonathan is a Control Person. ............................................................................................................................. 8
   III.  THE PRAYER OF RELIEF IN THE FORMS OF DISGORGEMENT AND RESTITUTION SHOULD BE DISMISSED. ............................................................... 9
CONCLUSION............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases**

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
   480 U.S. 102 (1987) .................................................................................................. 6

*Bellaire Gen. Hosp. v. Blue Cross Blue Shield*,
   97 F.3d 822 (5th Cir. 1996) ................................................................................... 2, 3

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) .................................................................................................. 6

*Busch v. Buchman, Buchman & O'Brien, Law Firm*,
   11 F.3d 1255 (5th Cir. 1994) .................................................................................... 2

*City of Monroe Employee Ret. Sys. v. Bridgestone Corp.*,
   399 F.3d 651 (6th Cir. 2005) .................................................................................... 5

*Driving Force Techs. Inc. v. Panda Distrib., Inc.*,
   No. 4:10-cv-24, 2012 U.S. Dist. LEXIS 65696 (E.D. Tex. May 10, 2014), *adopted by* 2012
   U.S. Dist. LEXIS 99094 (E.D. Tex. July 17, 2012) .................................................. 5

*FTC v. Educare Ctr. Servs.*,
   414 F. Supp. 3d 960 (W.D. Tex. 2019) ................................................................. 3, 4

*Head v. Las Vegas Sands, LLC*,
   760 F. App'x 281 (5th Cir. 2019) ............................................................................. 4

*Lewis v. Fresne*,
   252 F.3d 352 (5th Cir. 2001) .................................................................................... 4

*McFadin v. Gerber*,
   587 F.3d 753 (5th Cir. 2009) .................................................................................... 2

*Nagravision SA v. Gotech Int'l Tech. Ltd.*,
   882 F.3d 494 (5th Cir. 2018) .................................................................................... 5

*Sangha v. Navig8 ShipManagement Priv. Ltd.*,
   882 F.3d 96 (5th Cir. 2018) ...................................................................................... 6

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) .................................................................................... 2

*Thomas v. Grundfos*,
   No. 4:18-CV-0557, 2018 U.S. Dist. LEXIS 207025 (S.D. Tex. Nov. 5, 2018), *adopted by* 2018
   U.S. Dist. LEXIS 206002 (S.D. Tex. Dec. 6, 2018) .................................................. 5

*U.S. Commodity Futures Trading Comm'n v. M25 Invs. Inc.*,
   No. 3:09-CV-1831-M, 2010 U.S. Dist. LEXIS 20557 (N.D. Tex. Mar. 6, 2010) ...... 8

*Williams v. Reliance Std. Life Ins. Co.*,
   No. 20-5036, 2021 U.S. Dist. LEXIS 162276 (E.D. Pa. Aug. 27, 2021) .................. 3

**Statutes**

28 U.S.C. § 1331 .............................................................................................................. 5
28 U.S.C. § 1345 .............................................................................................................. 5

28 U.S.C. § 1391(c)(3) ................................................................................................................. 5
7 U.S.C. § 6c(b) ............................................................................................................................ 5

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................................................ 1
Fed. R. Civ. P. 12(b)(3) ................................................................................................................ 1
Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1
Fed. R. Civ. P. 4(k)(2) .................................................................................................................. 5
Fed. R. Civ. P. 9(b) ............................................................................................................... 1, 7, 8

Defendant Jonathan Cartu[1] respectfully submits this reply memorandum of law in support of his motion to dismiss Plaintiff Commodity Futures Trading Commission's ("CFTC") Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief (the "Complaint") pursuant to Fed. R. Civ. P. 9(b), 12(b)(2), 12(b)(3), and 12(b)(6).

## PRELIMINARY STATEMENT

The CFTC's Opposition not only fails to address the Complaint's core deficiencies—its utter lack of specific allegations and its over-reliance on group pleading—it highlights them even further. The Complaint should be dismissed in its entirety because this Court lacks personal jurisdiction over Jonathan Cartu and because it fails to state a claim under Federal Rules of Civil Procedure 8(a) and Rule 9(b).

First, the Opposition's doubling down on the Complaint's group allegations in its attempt to demonstrate that this Court has personal jurisdiction over Jonathan, in the form of allegations against "the Cartu Brothers" and "the Cartu Platform," and "the Cartu Brand," should be rejected. As discussed in Jonathan's motion to dismiss, the vague and conclusory allegations directed towards Jonathan are insufficient to carry the CFTC's burden of establishing jurisdiction. The CFTC responds to this glaring deficiency by relying on an alternative basis for jurisdiction, which it completely failed to allege in the Complaint. The CFTC has plainly failed to establish that this court has personal jurisdiction over Jonathan, as there are no allegations that demonstrate that Jonathan himself directed his conduct towards anyone within the United States.

The CFTC has similarly failed to satisfy its burden under either Rule 8 or 9(b). In addition to relying on its group pleadings, the CFTC asserts that it sufficiently pleads a common enterprise

---

[1] Like the Complaint, this motion will refer to Jonathan by his first name to avoid confusion with his brothers, who are named as co-defendants in this matter.

1

theory, and that Jonathan is a control person. But the general or conclusory allegations concerning Jonathan, as well the group pleadings lumping Jonathan in with other defendants, are insufficient to establish either as to Jonathan. The CFTC's Opposition does little to rectify these deficiencies, and as a result, this Court should grant Jonathan's motion to dismiss the Complaint.

## LEGAL ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER JONATHAN.

Jonathan joins in and incorporates by reference the arguments for dismissal asserted by David and Joshua with respect to the CFTC's failure to allege sufficient minimum contacts to establish personal jurisdiction. (*See* David Reply at § I; Joshua Reply at § I)

The CFTC has failed to sufficiently allege that this Court has personal jurisdiction over Jonathan. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (noting that "[t]he plaintiff bears the burden of establishing jurisdiction"). It concedes that this Court does not have general jurisdiction over Jonathan, (Opp. at 6), and instead asserts that it has sufficiently alleged that this Court has specific jurisdiction over Jonathan. To exercise personal jurisdiction over Jonathan, this Court must determine:

> (1) whether the defendant has minimum contacts with the forum…i.e., whether it purposely directed its activities toward the forum…or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of the result of the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth*, 472 F.3d at 271). Because the Commodity Exchange Act ("CEA") provides for nationwide service of process, "the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 826 (5th Cir. 1996) (quoting *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994)). However, as previously

noted, this approach has been reluctantly followed despite the *Bellaire* court's "grave misgivings regarding the authority upon which" *Busch* is founded. *Bellaire*, 97 F.3d at 826.  As the *Bellaire* court noted, jurisdiction and service of process are "conceptually different issues," and it is difficult to grasp "how personal jurisdiction can be separated from due process by Congressional enactment of nationwide service of process." *Id.*  Rather, the approach adopted by the *Busch* court is likely incompatible with subsequent Supreme Court decisions concerning personal jurisdiction and the legal distinction between venue and jurisdiction.  *See Williams v. Reliance Std. Life Ins. Co.*, No. 20-5036, 2021 U.S. Dist. LEXIS 162276, at *7-8 (E.D. Pa. Aug. 27, 2021).

In any event, the CFTC has failed to allege that Jonathan purposely directed any activity towards the United States, let alone Texas.  While the CFTC points to a single vague and general group allegation to establish that Jonathan purposely directed his activities towards United States customers, (Opp. at 7 (citing Compl. ¶ 3).), the CFTC ignores its own pleading that Nati and Leeav Peretz (the "Peretz Brothers")—not the Jonathan and his brothers—were "responsible for supervising the individual brokers who solicited customers to trade with BeeOptions and, thereafter, Glenridge and/or Rumelia," (Compl. ¶ 63.)  The CFTC further alleges that Peretz Brothers had clearly delineated responsibilities, where "Nati supervised the individual brokers responsible for soliciting prospective customers and obtaining an initial deposit" while "Leeav supervised the individual brokers responsible for soliciting customers to make additional deposits." (*Id.*)  And for the time period prior, it is unclear what form Jonathan's alleged solicitations took, as the CFTC simply states that Jonathan did so through BeeOptions. (*See id.* ¶ 62.)

The CFTC's reliance on *FTC v. Educare Ctr. Servs.*, 414 F. Supp. 3d 960, 976 (W.D. Tex. 2019), is misplaced.  There, the FTC submitted "affidavit evidence that show[ed defendant]

3

exchanged hundreds of emails with the managers of [a payment processor], often discussing substantive aspects of the [telemarketing company]'s operations" in addition to specific and detailed allegations that a defendant exercised control over a telemarketing scheme rather than group pleading.  *Id.* at 977.  The FTC further alleged that the "telemarketing scheme … purposefully targeted the United States." *Id.* at 971.  Similarly, *Lewis v. Fresne*, 252 F.3d 352, 355-356 (5th Cir. 2001) is inapposite because the plaintiff alleged numerous specific communications and transactions between himself and the defendant which resulted in plaintiff being defrauded.  The allegations both in *Educare* and *Lewis* were significantly more detailed than what is alleged here.  The CFTC provides no supporting affidavits, alleges that the Peretz Brothers supervised the brokers allegedly contacting customers, and fails to allege that either Jonathan himself contacted United States customers which were allegedly defrauded or that the Cartu Platform directly targeted the United States.  Instead, the CFTC vaguely asserting that nontargeted conduct incidentally reached United States customers.  The CFTC's Complaint has failed to adequately allege personal jurisdiction as to Jonathan, and allegations grouping him together with other defendants is insufficient to establish jurisdiction.  *See Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019).

Further, the CFTC asserts that this Court has personal jurisdiction over Jonathan because the CFTC satisfied Rule 8 and pled with sufficient particularity.  (Opp. at 8.)  But for the reasons stated in Jonathan's motion to dismiss, as well as David's motion to dismiss and both David and Joshua's replies, (David Mot. § III.B-C; David Reply at § II.A-B; Joshua Reply at § II.A), CFTC has failed to carry its burden in both instances.  As previously noted, "personal jurisdiction involves due process considerations that may not be overridden by statutes or the common law." *Driving Force Techs. Inc. v. Panda Distrib., Inc.*, No. 4:10-cv-24, 2012 U.S. Dist. LEXIS 65696,

at *12-14 (E.D. Tex. May 10, 2014), *adopted by* 2012 U.S. Dist. LEXIS 99094 (E.D. Tex. July 17, 2012); *see City of Monroe Employee Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 667-68 (6th Cir. 2005) (in a case involving jurisdictional allegations based on alleged "control person" under securities law, refusing to "substitute our analysis of the securities laws' substantives bases for liability for the required, due-process based personal jurisdiction analysis").

As an alternative basis for jurisdiction, the CFTC cites Fed. R. Civ. P. 4(k)(2). (Opp. at 6.) This belated reference is insufficient. The CFTC has "the initial burden to plead and prove the requisite contacts with the United States and plead Rule 4(k)(2)'s applicability (though no need for 'magic words')." *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018). The CFTC plead that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1345, and 7 U.S.C. § 6c(b), (Compl. ¶ 13), without any reference or allusion to Rule 4(k)(2). The CFTC cannot now rely on Rule 4(k)(2) as a basis for this Court to exercise jurisdiction over Jonathan. *See Thomas v. Grundfos*, No. 4:18-CV-0557, 2018 U.S. Dist. LEXIS 207025, at *2 n.5 (S.D. Tex. Nov. 5, 2018) (noting plaintiff's failure to "plead jurisdiction under [Rule] 4(k)(2) as required to invoke that provision"), *adopted by* 2018 U.S. Dist. LEXIS 206002 (S.D. Tex. Dec. 6, 2018).[2]

The CFTC has also failed to address Jonathan's argument that this Court's exercise of jurisdiction would not be fair and reasonable. The Court must balance

> (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum … in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies.

---

[2] As noted in Joshua's Reply, the CFTC similarly raises in its Opposition brief 28 U.S.C. § 1391(c)(3) as a basis for venue. (*See* Joshua Reply at 10 n.7.) But as with Rule 4(k)(2), the CFTC cannot belatedly raise a new basis for venue after purporting to rely on an entirely separate statute.

*Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 115 (1987)).  Rather than addressing the relevant factors, the CFTC cites *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) for the proposition that the Court can determine the exercise of personal jurisdiction is fair and reasonable where the cause of action concerns fraud committed against a resident of the forum.  (Opp. at 8.)  The CFTC only vaguely alleges that United States citizens were harmed and fail to specify any transaction that occurred within the United States or with United States citizens, which as discussed above, are insufficient to establish jurisdiction over Jonathan.  Rather, applying the relevant factors reveals that the exercise of jurisdiction over Jonathan would not be fair and reasonable.  Jonathan has, for the duration of the alleged conduct, lived outside of the United States and would be subject to significant burdens to defend this case in the Western District of Texas.  *See Asahi*, 480 U.S. at 115 ("[G]reat care and reserve should be exercised when extending our notions of personal jurisdictions to an international field.").  As a result of the CFTC's vague allegations, the forum's interest in the case is unclear.  Rather, nothing in the Complaint suggests that the CFTC would obtain more convenient or effective relief in this Court.

      For these reasons and the reasons stated in Jonathan's motion to dismiss, the CFTC has failed to carry its burden of establishing that this Court has personal jurisdiction over Jonathan.  As such, the Complaint should be dismissed.

## II. THE CFTC HAS FAILED TO STATE A CLAIM AGAINST JONATHAN.

### A. The CFTC Has Failed to Satisfy the Requirements of Fed. R. Civ. P. 8.

Jonathan joins in and incorporates by reference the arguments for dismissal asserted by David with respect to the CFTC's failure to sufficient plead fraud with particularity as required by Rule 8.  (*See* David Reply at § II.A; Joshua Reply at § II.A.)

The CFTC heavily relies on group pleading as well as vague and conclusory allegations regarding the conduct Jonathan allegedly engaged in.  And just as those allegations are insufficient under Rule 8, they are equally insufficient despite the assertion that the common enterprise theory stands as a sufficient basis to hold Jonathan liable.  Given that the CFTC has failed to address the deficiencies in its Complaint, this Court should grant Jonathan's motion to dismiss the Complaint.

### B. The CFTC Has Failed to Satisfy the Requirements of Fed. R. Civ. P. 9(b).

Jonathan joins in and incorporates by reference the arguments for dismissal asserted by David with respect to the CFTC's failure to sufficient plead fraud with particularity as required by Rule 9(b).  (*See* David Reply at § II.B.; Joshua Reply at § II.A.)

The CFTC's Complaint fails to sufficiently allege with particularity the "who, what, when, and where" as to Jonathan to satisfy Rule 9(b).  All the CFTC provides are an unsupported, conclusory allegation that Jonathan and others approved requests to alter trading outcomes, (Compl. ¶ 79), an email from Jonathan to employees of Tracy PAI, (*id.* ¶ 69,) and both baseless and vague allegations regarding the conduct Jonathan supposedly engaged in or "mandated" others engage in, as well as making decisions about the functionality of the Cartu Platform, (*id.* ¶¶ 62, 71 76, 80, 82.) Instead, the CFTC shirks the Rule 9(b) pleading requirements by overindulging in group pleading.  But as discussed by David and Joshua, the CFTC's group pleading goes too far, and its reference to common enterprise theory does not obviate the need to satisfy its burden under

Rule 9(b). *See U.S. Commodity Futures Trading Comm'n v. M25 Invs. Inc.*, No. 3:09-CV-1831-M, 2010 U.S. Dist. LEXIS 20557, at *13 (N.D. Tex. Mar. 6, 2010) (noting that the CFTC's group pleading "goes too far and combines all the defendant and sometimes unspecified representatives"). The CFTC has failed to plead with sufficient particularity pursuant to Rule 9(b), and as a result, the Complaint should be dismissed.

### C. The CFTC Has Failed to State a Claim Upon Which Relief Can Be Granted.

#### 1. The Complaint Does Not Adequately Plead the Elements of Counts 1, 2, and 4 Against Jonathan Cartu.

Jonathan joins in and incorporates by reference the arguments for dismissal asserted by Joshua with respect to the CFTC's failure to sufficiently plead the elements of Counts 1, 2, and 4 against Jonathan. (*See* Joshua Reply at § II.B.) The CFTC's Complaint fails to plead the elements of each claim as to Jonathan, and the CFTC's Opposition fails to clarify those deficiencies. As a result, this Court should dismiss those claims as to Jonathan.

#### 2. The Complaint Does Not Adequately Allege that Jonathan is a Control Person.

Jonathan joins in and incorporates by reference the arguments for dismissal asserted by David and Joshua with respect to the CFTC's failure to sufficiently plead that Jonathan is a control person. (*See* David Reply at 6-7; Joshua Reply at § II.C.) The CFTC alleges that the Peretz Brothers exercised control over brokers who allegedly solicited customers, (Compl. ¶ 63), and otherwise alleges by group pleadings that Jonathan was somehow involved in untoward conduct, (*id.* ¶¶ 71, 76, 79, 85). Such allegations are insufficient to establish control person liability. This Court should dismiss those claims which seek to hold Jonathan liable as a control person.

### III. THE PRAYER OF RELIEF IN THE FORMS OF DISGORGEMENT AND RESTITUTION SHOULD BE DISMISSED.

Jonathan joins in and incorporates by reference the arguments for dismissal asserted by Joshua with respect to the request for dismissal of the CFTC's requests for relief in the forms of disgorgement and restitution. (*See* Joshua Reply at § IV.) As noted by Joshua, the extent to which certain relief may be time-barred is appropriate for this Court to consider on a motion to dismiss.

### CONCLUSION

For the foregoing reasons, Jonathan respectfully requests that this Court enter an order dismissing the CFTC's Complaint.

Dated: May 9, 2022

Respectfully submitted,

/s/ Joe Kendall
Joe Kendall

Kendall Law Group, PLLC
3811 Turtle Creek Blvd. Suite 1450
Dallas, TX 75219
Tel. 214-744-3000
Fac. 214-744-3015
jkendall@kendalllawgroup.com
*Attorney for Defendant Jonathan Cartu*


/s/ David B. Harrison
David B. Harrison (Admitted *Pro Hac Vice*)
Eric H. Jaso (Admitted *Pro Hac Vice*)

Spiro Harrison
363 Bloomfield Avenue, Suite 2C
Montclair, NJ 07042
Tel. 973-232-0881
dharrison@spiroharrison.com
*Attorneys for Defendant Jonathan Cartu*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on May 9, 2022, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ David B. Harrison