**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | Civil Action No. 1:20-CV-00908 |
| DAVID CARTU, *et al.*, | | |
| Defendants. | | |

**<u>DEFENDANT DAVID CARTU'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

    I.    THE OPPOSITION FAILS TO ASSERT A BASIS FOR PERSONAL JURISDICTION OVER DAVID .......................................................................... 2

    II.    THE CFTC FAILS TO STATES PLAUSIBLE CLAIMS FOR RELIEF ............. 5

        A.    The Complaint Fails to Plead Facts Supporting a Cause of Action Under Fed. R. Civ. P. 8. ................................................................................. 5

        B.    The CFTC Has Failed to Plead Fraud with Particularity as Required by Rule 9(b). .................................................................................. 7

CONCLUSION ............................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Commodity Futures Trading Comm'n v. R.J. Fitzgerald & Co.*,
  310 F.3d 1321 (11th Cir. 2002) ...................................................................................................7

*Del Castillo v. PMI Holdings N. Am. Inc.*,
  No. 4:14-CV-03435, 2016 WL 3745953 (S.D. Tex. July 13, 2016) .........................................6

*Fielding v. Hubert Burda Media, Inc.*,
  415 F.3d 419 (5th Cir. 2005) .....................................................................................................5

*Freudensprung v. Offshore Tech. Servs., Inc.*,
  379 F.3d 327 (5th Cir. 2004) .....................................................................................................3

*FTC v. Educare Centre Servs., Inc.*,
  414 F. Supp. 3d 960 (W.D. Tex. 2019).....................................................................................4

*Head v. Las Vegas Sands, LLC*,
  760 F. App'x 281 (5th Cir. 2019) ..............................................................................................3

*Head v. Las Vegas Sands, LLC*,
  298 F. Supp. 3d 963 (S.D. Tex. 2018) ......................................................................................3

*ITL Int'l, Inc. v. Constenla, S.A.*,
  669 F.3d 493 (5th Cir. 2012) .....................................................................................................2

*Next Techs., Inc. v. ThermoGenisis, LLC*,
  121 F. Supp. 3d 671 (W.D. Tex. 2015).....................................................................................5

*Nicholas v. Ameris Bank*,
  No. 1:20-CV-1054-RP, 2021 WL 2953164 (W.D. Tex. June 8, 2021)
  (Pitman, J.)................................................................................................................................7

*Silicon Lab'ys Inc. v. Maxlinear, Inc.*,
  No. A-12-CA-692-SS, 2012 WL 12892287 (W.D. Tex. Oct. 11, 2012)...................................5

*U.S. Commodity Futures Trading Comm'n v. Giddens*,
  No. 1:11-cv-2038-WSD, 2012 WL 603592 (N.D. Ga. Feb. 24, 2012).....................................9

*U.S. Commodity Futures Trading Comm'n v. Kratville*,
  796 F.3d 873 (8th Cir. 2015) .....................................................................................................6

*U.S. Commodity Futures Trading Comm'n v. M25 Invs. Inc.*,
  No. 3:09-CV-1831-M, 2010 WL 769367 (N.D. Tex. Mar. 6, 2010) ........................... 7, 8, 9, 10

*U.S. Commodity Futures Trading Comm'n v. Total Call Grp., Inc.*,
  No. 4:10-cv-00513-RAS-DDB, 2012 WL 1642196 (E.D. Tex. Mar. 30, 2012) ....................... 7

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................................................. 4

**Rules and Statutes**

7 U.S.C. § 13c(b) ......................................................................................................................... 6

Fed. R. Civ. P. 8 ....................................................................................................................... 1, 5

Fed. R. Civ. P. 9(b) ...................................................................................................... 1, 2, 7, 8, 9

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 5

Defendant David Cartu respectfully submits this memorandum of law in reply to Plaintiff Commodity Futures Trading Commission's ("CFTC" or "Plaintiff") Opposition to the Cartu Defendants' Motions to Dismiss ("Opp.") (ECF No. 67) and in further support of his motion to dismiss the Complaint (the "Complaint" or "Compl.") (ECF Nos. 1, 59).

## INTRODUCTION

The CFTC's Opposition does not sufficiently address the Complaint's failure to meet basic federal jurisdictional and pleading requirements as to David. As such, the Complaint should be dismissed. The CFTC identifies no allegations of David's specific, purported U.S. contacts and incorrectly attempts to assert jurisdiction through vague and conclusory assertions that each of the Cartus purposely directed their activities towards the U.S. The CFTC cannot avoid its pleading requirements by asserting general allegations of intentional conduct and ignoring Fifth Circuit precedent that Plaintiff cannot establish personal jurisdiction by imputing alleged contacts of corporate entities, alleged agents, or co-conspirators. The CFTC's allegations fall far short of establishing a prima facie case for personal jurisdiction.

There also remains an absence of allegations plausibly showing a valid claim against David. As a preliminary matter, David adopts by reference the reply arguments by Joshua and Jonathan Cartu that venue is improper, the Commodity Exchange Act ("CEA") does not apply extraterritorially, and disgorgement or restitution based on certain conduct is time-barred or exceeds the CFTC's statutory authority.

Plaintiff likewise fails to plead facts as required under both Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9(b). Rather than confront the improper lumping of all defendants, the CFTC pivots its argument and claims the Complaint is sufficient under a common enterprise theory, which fails absent any showing of David's purported culpability or role or well-pled facts showing that David is a control person. The CFTC similarly identifies no particularized facts showing that David or

1

any of the defendants engaged in any misstatements or improper acts let along conduct directed at the U.S.  The CFTC also incorrectly asserts that Rule 9(b)'s requirements are less stringently applied to alleged fraud that is complex and occurred over an extended period of time.  Lastly, the CFTC's improper attempts to avoid pleading scienter with particularity by citing to group pleadings is insufficient.  The claims against David should thus be dismissed.

## ARGUMENT

**I.       THE OPPOSITION FAILS TO ASSERT A BASIS FOR PERSONAL JURISDICTION OVER DAVID**

The CFTC's Opposition fails to identify sufficient allegations supporting personal jurisdiction over David, who the CFTC admits is a foreign citizen.  Plaintiff concedes a lack of general jurisdiction and argues solely on the basis of specific personal jurisdiction.  The CFTC, however, points to no well-pled allegations that meet the basic pleading requirements for specific jurisdiction.  See *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).  Instead of identifying allegations that David personally set foot in the U.S., contacted any U.S. residents, undertook any business activities in the U.S., or purposefully directed any activities at the U.S. or its residents in connection with the issues in this case, the CFTC doubles down on its vague and generalized claims that "the Cartus and others acting on their behalf directed emails, telephone calls, and other communications containing material misrepresentations to individuals in the United States."  (Opp. at 7.)  Such broad allegations amount to nothing more than conclusory assertions that all Defendants transacted business in the U.S. and that acts and practices in violation of the Act and Regulations occurred within the U.S.  The CFTC must submit some allegations regarding David's specific, purported U.S. contacts or that David specifically directed efforts towards the U.S.  Improper lumping of not just defendants but various unknown and unnamed "others" in contravention of well-established law is alone grounds for dismissal for lack of

2

personal jurisdiction. *See, e.g.*, *Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019) (holding that plaintiffs must "submit evidence supporting personal jurisdiction over each defendant without grouping them together"); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 973 (S.D. Tex. 2018) (holding that the "plaintiff must submit evidence supporting personal jurisdiction over each defendant, and cannot simply lump them all altogether").

The Opposition is also incorrect in its attempts to assert jurisdiction via assertions of an alleged "contract[] with a U.S. resident and U.S. company," that "the Cartus controlled the web of companies they used to effectuate their scheme," or that "the Cartus directed agents and representatives to engage in activity targeting the United States."  (Opp at 7-8.)  Again, there are no specific allegations in the Complaint that David personally participated in, or controlled a U.S. resident or company involved in, any of the alleged transactions at issue in this case.  Even if the CFTC had pled that David had a contract with a U.S. resident or U.S. company, the simple existence of a contract alone is not grounds for personal jurisdiction over a nonresident defendant. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) ("[T]his Court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.").

Additionally, the CFTC ignores well-established Fifth Circuit precedent recognizing that plaintiffs cannot circumvent the stringent tests for establishing personal jurisdiction over a defendant by imputing alleged contacts of corporate entities, alleged agents, or co-conspirators.  As previously argued, the Complaint is wholly devoid of any specific allegations reflecting that

David personally directed, controlled, or caused brokers, marketers, or other third parties to solicit U.S. customers or that he had knowledge of any such activity as required by basic agency law. (*See* MTD at 11.) The CFTC's reliance on *FTC v. Educare Centre Servs., Inc.*, 414 F. Supp. 3d, 960, 970, 976 (W.D. Tex. 2019) is inapposite. In *Educare*, the court found that personal jurisdiction was sufficient because Plaintiffs made specific allegations throughout their Complaint as to the defendant *individually*, including that the defendant *personally* had almost daily business communications with persons in the United States amounting to an on-going business relationship. *Id.* at 972-73 (emphasis added). In contrast, the CFTC has offered no specific allegations as to David Cartu's personal and individual contacts, communications, or control over transactions with the U.S., let alone sufficient allegations to show an ongoing business relationship. Additionally, courts have repeatedly rejected conspiracy as a basis to establish personal jurisdiction over one nonresident because of the alleged contacts of other defendants in furtherance of the alleged conspiracy. (*See* MTD at 12.) Thus, claims of control over various nameless and innumerable agents and representatives or that a U.S. resident or company was involved in the alleged scheme are not legally sufficient to establish a prima facie case of personal jurisdiction.

      Nor does asserting "intentional conduct" alter the CFTC's burden to establish sufficient minimum contacts and demonstrate that David purposefully availed himself of the privilege of doing business in the forum. The CFTC argues that its allegations in the Complaint, specifically those at paragraphs 3, 4, 19, 23, and 54, are "sufficient, particularly for intentional misconduct." (Opp. at 7.) However, a "forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct *by the defendant* that creates the necessary contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (emphasis added). Again, there are no specific allegations of intentional conduct initiated by David that would create the necessary

4

contacts for personal jurisdiction.[1] For the reasons set forth above, this Court should dismiss the Complaint for failure to establish personal jurisdiction pursuant to 12(b)(6).[2]

## II. THE CFTC FAILS TO STATES PLAUSIBLE CLAIMS FOR RELIEF

### A. The Complaint Fails to Plead Facts Supporting a Cause of Action Under Fed. R. Civ. P. 8.

Rather than defend the improper lumping of all defendants as well as unnamed brokers, affiliate marketers, employees, agents, or representatives, or the dearth of allegations identifying specific acts or transactions David committed or engaged in that were fraudulent or violated U.S. law, the CFTC pivots, arguing that the Complaint is sufficient under a common enterprise theory. (Opp. at 10-13.) The Complaint's conclusory allegations, however, do not support a common enterprise theory against David (or the companies themselves) for the same reasons discussed above. Rather than plead specific, violative acts by David or done at his direction or facts that David formulated, directed, controlled, had the authority or power to control, or participated in the acts and practices of the companies that constitute the so-called common enterprise, the CFTC

---

[1] Alternatively, the CFTC asserts jurisdiction under Fed. R. Civ. P. 4(k)(2). (Opp. at 6.) However, the CFTC has "the initial burden to plead and prove the requisite contacts with the United States and plead Rule 4(k)(2)'s applicability (though no need for 'magic words')" and failed to do so. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018). The CFTC cannot now rely on Rule 4(k)(2) as a basis for jurisdiction over David. *See Thomas v. Grundfos*, 2018 U.S. Dist. LEXIS 207025, at *2 n.5 (S.D. Tex. Nov. 5, 2018) (noting plaintiff's failure to "plead jurisdiction under [Rule] 4(k)(2) as required to invoke that provision"). Even assuming it is applicable, asserting jurisdiction would violate due process and fairness as required by the Constitution and Rule 4(k)(2). *See* Dkt. No. 59 at 13.

[2] The CFTC's request for limited jurisdictional discovery should also be denied for failure to (1) describe the discovery to be conducted, what facts may be revealed, and how those facts may support a claim of personal jurisdiction and (2) present adequate factual allegations. To support a request for jurisdictional discovery, Plaintiff must first make "a preliminary showing of jurisdiction" through "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). "A plaintiff, however, cannot simply assert the need for discovery in generalized terms. Instead, the plaintiff should describe the discovery they intend to conduct, what facts may be revealed, and how those facts will ultimately support an exercise of jurisdiction." *Silicon Lab'ys Inc. v. Maxlinear, Inc.*, No. A-12-CA-692-SS, 2012 WL 12892287, at *1 (W.D. Tex. Oct. 11, 2012); *see also Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015) ("In other words, Plaintiff must state what facts discovery is expected to uncover and how those facts would support personal jurisdiction."). The CFTC simply asserts the need for discovery without describing what facts discovery is expected to uncover and how those facts would support jurisdiction. Additionally, as argued above, there are no facts alleged with reasonable particularly as to David that would suggest the existence of the requisite contacts. Limited jurisdictional discovery should therefore be denied.

improperly relies on (1) generalized assertions that David, amongst others, held some undefined ownership interest in various trading platforms and entities incorporated and operated in foreign jurisdictions, (2) "bald assertions" that there was a "web of entities," and (3) self-serving labels like the "Cartu Brands" or "Cartu Enterprise." (Opp at 13-16); *see Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-03435, 2016 WL 3745953, at *2, *4, *13, *16-*17 (S.D. Tex. July 13, 2016) (dismissing the complaint under Rule 8). The allegations are "devoid of 'further factual enhancement'" with respect to David's purported culpability or role and do not suffice for purposes of individual or common enterprise liability. *Id.* at *13 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The CFTC similarly offers no well-pled facts showing that David is a control person. In its Opposition, the CFTC dismisses the fact that All Out Marketing is no longer subject to primary liability and, therefore, no longer in a position to be found to have "violated any provision of the Act, or any of the rules, regulations, or orders issued" pursuant to the Act, a required element under Section 13(b) of the Act, 7 U.S.C. § 13c(b). (Opp. at 13.) Despite its position, the CFTC then affirms what is explicitly stated in the Complaint, that All Out Marketing was the entity David purportedly controlled. (*See* Opp at 15; Compl. at ¶¶ 22, 97, 107, 124.) The absence of All Out Marketing as a defendant and the absence of other allegations that David controlled any other primary violator or "possessed the power or ability to control the specific transaction or activity upon which the primary violation was predicated, even if such power was not exercised," short circuits Plaintiff's control person liability claims. *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 894 (8th Cir. 2015). Even assuming the existence of a David-controlled primary violator, the CFTC has not adequately alleged that David failed to act in good faith or that he knowingly induced any violations of the CEA. *See U.S. Commodity Futures Trading Comm'n*

6

*v. Total Call Grp., Inc.*, No. 4:10-cv-00513-RAS-DDB, 2012 WL 1642196, at *10 (E.D. Tex. Mar. 30, 2012). Nor does the CFTC's Opposition point to any specific allegations about supervision, control, or reasonable diligence, let alone any allegations detailing David's involvement or that he "had actual or constructive knowledge of the core activities that make up the violation[s] at issue and allowed them to continue." *Commodity Futures Trading Comm'n v. R.J. Fitzgerald & Co.*, 310 F.3d 1321, 1334 (11th Cir. 2002).[3]

### B. The CFTC Has Failed to Plead Fraud with Particularity as Required by Rule 9(b).

Plaintiff likewise identifies no particularized facts showing that David or any of the defendants engaged in a single misstatement or improper act. The CFTC concedes that the "complaint must specify the fraudulent statements, typically by alleging the 'who, what, when, and where,' and sufficiently allege scienter by setting forth specific facts to support an inference of fraud." (Opp. at 18); *see U.S. Commodity Futures Trading Comm'n v. M25 Invs. Inc.*, No. 3:09-CV-1831-M, 2010 WL 769367, at *2 (N.D. Tex. Mar. 6, 2010) ("The rule is interpreted strictly as requiring plaintiffs to identify the alleged fraudulent statements and the speaker, state the time and place of the statements, and explain how or why they were fraudulent."); *Nicholas v. Ameris Bank*, No. 1:20-CV-1054-RP, 2021 WL 2953164, at *5 (W.D. Tex. June 8, 2021) (Pitman, J.) (dismissing fraud claims where the complaint did "not identify a speaker, state where any fraudulent or misleading statements were made, or specifically describe how these statements were false"). While the CFTC points to a few paragraphs in the Complaint it asserts satisfy Rule 9's stringent pleading requirements, none of the cited paragraphs provide the necessary "who, what, when, and where." There are again no allegations specifically linking David to any actionable, fraudulent representations, omissions, or deceptive acts directed at the U.S. or any specific persons within the

---

[3] The CFTC also does not confront the inadequacy of its allegations that David personally transacted with U.S. purchasers in "options" or "swaps" as defined in the CEA, which further precludes liability under Counts 1, 2, and 4.

U.S.  The CFTC again fails to identify specific documents, communications, or acts directed at U.S. persons, let alone, communications that contain specific false or misleading representations or acts by or directed by David.  Nor does the CFTC identify what specific role David had with respect to each such communication or act (or even that David had any role in preparing materials or other communications pertaining to the alleged binary options scheme let alone personally solicited or sold binary options or utilized deceptive devices).  There is likewise no specific allegation that David knew of any fraudulent acts by other defendants or knowingly received funds derived from improper conduct.

Instead, as in *M25 Investments Inc.*, the Complaint "goes too far and combines all the defendants and sometimes unspecified representatives" in each allegations.  2010 WL 769367, at *4; *see, e.g.*, Compl. at ¶¶ 3 ("The Cartu Brothers and Peretz Brothers, along with their agents, employees, and representatives . . ."), 72 ("The Cartu Brothers and Peretz Brothers, along with their employees, agents, and others acting on their behalf . . ."), 74 (". . . the brokers, along with other employees and agents acting on behalf and at the direction of the Cartu Brothers and Peretz Brothers . . ."), 85 (". . . the brokers, as well as other employees and agents acting on behalf of the Cartu brands and at the direction of Jonathan or the Peretz Brothers, among others . . .").  While there are some specific references to Jonathan, the Complaint otherwise completely fails to connect David or the other defendants to the alleged knowing or reckless conduct set out in the Complaint. Conclusory allegations that defendants, along with unnamed and unknown third parties, owned and operated various entities, which the CFTC dubs a "common enterprise," and engaged in some misrepresentations or omissions supposedly targeting U.S. persons does not come close to satisfying the particularity requirements of Fed. R. Civ. P. 9(b) and qualify as improper group pleadings.  *See M25 Invs. Inc.*, 2010 WL 769367, at *4 (finding that "liability under a controlling

person theory does not excuse non-compliance with Rule 9(b) when individual liability is also alleged").[4]

The CFTC emphasizes that because the alleged fraud is complex and occurred over an extended period of time, the requirements of Rule 9(b) should be "less stringently applied." (Opp. at 21.) However, "the allegedly great extent and complexity of a fraudulent scheme does not excuse all failures to plead fraud with the required specificity." *M25 Invs. Inc.*, 2010 WL 769367, at *4 (internal quotation marks omitted); *U.S. Commodity Futures Trading Comm'n v. Giddens*, No. 1:11-cv-2038-WSD, 2012 WL 603592, at *5-*6 (N.D. Ga. Feb. 24, 2012) (holding as "plainly insufficient under Rule 9(b)" general allegations that a scheme occurred between January and October 2010 and sufficient only one allegation that identified the specific promissory note containing statements, the specific defendant who made the statements, the definitive date of the promissory note, and sufficient details as to whom the statement was made). The Complaint here contains only general allegations and does not identify any specific, fraudulent act committed by David on any definitive dates or directed at any U.S. persons.

Finally, the CFTC attempts to avoid pleading scienter with particularity by citing to group pleading, specifically in the Complaint at paragraphs 6 (naming "the Cartu Brothers and their employees and agents"), 80 (naming "Masten and the Cartu Brothers" and "David, along with Masten and Jonathan"), 82 (discussing the "Cartu Brands (and other third-parties brands that utilized the Cartu Platforms)", 84 (claiming "David, Jonathan, Josh and Masten shared the revenues"), 85 (stating that "the brokers, as well as other employees and agents acting on behalf

---

[4] The CFTC seems to argue that *Southland*, a case relied upon by David, does not apply because it dealt with the Private Securities Litigation Reform Act of 1995 ("PSLRA") rather than an enforcement action under the CEA. (Opp. at 18-19). This argument was rejected in *M25*, where the Court found that: "[a]lthough the heightened pleading requirements of the PSLRA do not apply in this enforcement action, *Southland* considered Rule 9(b) principles that apply even in enforcement actions. Any differences between the statutes does not make *Southland* inapplicable." 2010 WL 769367, at *4.

9

of the Cartu Brands and at the direction of Jonathan or the Peretz Brothers, among others" made false representations), and 86 ("Defendants" operated off-shore entities). (Opp. at 22.) However, as noted in *M25 Investments. Inc.*, "[b]ecause *Southland* rejected pleading scienter against a general group, the alleged state of mind of individual officials is at issue, not the collective knowledge of all officers and employees of the entity." 2010 WL 769367, at *5. Accordingly, the CFTC also fails to allege particularized facts showing that David acted with scienter. The claims against David thus fail in their entirety.

## **CONCLUSION**

For the reasons stated above, the Court should dismiss the Complaint against David.

Dated: May 9, 2022                                            Respectfully submitted,

/s/ *Peter A. Stokes*
Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

Kevin Harnisch (*Admitted Pro Hac Vice*)
kevin.harnisch@nortonrosefulbright.com
799 9th Street NW
Washington, DC 20001-4501
Telephone: (202) 662-4520
Facsimile: (202) 662-4643

Katey L. Fardelmann (*Admitted Pro Hac Vice*)
katey.fardelmann@nortonrosefulbright.com
1301 Avenue of the Americas
New York, New York
Telephone: (212) 318-3226
Facsimile: (212) 318-3400

*Attorneys for Defendant David Cartu*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on May 9, 2022, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*