# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID CARTU, *et al.*,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 1:20-CV-00908<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON ISSUES RELATED TO JURISDICTION**

Defendants David Cartu ("David"), Jonathan Cartu ("Jonathan"), and Joshua Cartu ("Joshua") (together, "Defendants" or "Cartus") respectfully submit this joint motion in opposition to Plaintiff Commodity Futures Trading Commission's ("CFTC" or "Plaintiff") Motion for Leave to Conduct Limited Discovery on Issues Related to Jurisdiction. (Dkt No 79).

## INTRODUCTION

Plaintiff's motion should be denied, as it fails to identify allegations sufficient to warrant jurisdictional discovery and improperly circumvents the Report and Recommendation ("Report") objection process. Despite having had years to investigate its claims with the substantial statutory investigative powers of a government enforcement agency, the CFTC filed a deficient Complaint with no factual allegations showing any basis for jurisdiction over any of the Cartus individually. After each of the Cartus moved to dismiss, the CFTC doubled down on its deficient allegations, opting to press forward on its existing Complaint instead of attempting to amend its Complaint or filing a properly supported jurisdictional discovery motion in response to the motions to dismiss. In rejecting the CFTC's allegations, the Report concluded that the CFTC "has wholly abdicated its duty to provide the Court" with the information required to support jurisdictional discovery.[1]

Now that the CFTC's gambit has failed, it is clear the CFTC never developed a reasonable factual basis for alleging personal jurisdiction before it filed suit, as all federal court litigants are required to do. Even today, the CFTC's motion cites no new facts that would support personal jurisdiction,[2] despite the bedrock Fifth Circuit requirement that a party must first make a

---

[1] *See* Report at 15.
[2] In its Motion, the CFTC suggests it "is aware of additional facts that can further clarify the allegations against the Cartu Brothers," yet the best the CFTC can offer is a disingenuous footnote referencing an action before the Ontario Securities Commission. The CFTC neglects to inform that Court that the referenced OSC decision: (a) was issued in absentia as to Joshua and David, and (b) even without any opposition, found that the OSC Staff failed to prove its allegation that Joshua's behavior was not in the public interest. See https://www.capitalmarketstribunal.ca/en/proceedings/cartu-re/reasons-and-decision-matter-jonathan-cartu-et-al, at ¶¶ 109–14. The fact that David Cartu settled with a ***Canadian*** securities regulator — which the CFTC knew about

"preliminary showing of jurisdiction" before they are entitled to discovery. Further, the CFTC has chosen **_not to object_** to the Report, thus waiving its right to contest the Report's thoroughly correct disposition of both the CFTC's deficient jurisdiction allegations **_and_** the CFTC's previous deficient request for jurisdictional discovery.[3] The CFTC's proposed discovery requests are simply an overbroad and inappropriate fishing expedition, do not comply with Fifth Circuit law, and would unfairly reward a party that did not use its considerable statutory resources to conduct a proper pre-suit investigation to develop facts supporting a reasonable basis for personal jurisdiction.

In short, parties are required to come to Court with enough facts that would support a plausible right to relief **_before_** they can get discovery.[4] Allowing jurisdictional discovery here would flip that premise on its head.[5] The CFTC's motion does not make a preliminary showing of jurisdiction, is a procedurally inappropriate attempt to end-run the objection process for reports and recommendations, and should be denied.

## ARGUMENT

**I.   The CFTC's Motion is an Improper Attempt to Circumvent the Report & Recommendation Objection Process.**

Filing a motion for jurisdictional discovery in response to the Magistrate Judge's Report is a clear attempt to end-run the objection process, which this Court should deny.  The Report clearly warns that the "[f]ailure to file written objections to the proposed findings and recommendations

---

more than a year ago and deemed unworthy of inclusion in its U.S. complaint — moreover does nothing to establish personal jurisdiction over him in the U.S.

[3] *See* Dkt No 79 at 3-4 ("However, the Commission is eager to move forward with this action and recognizes that filing an objection to the Report and Recommendation will risk further delay.").
[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007) ("It is no answer to say that a claim just shy of plausible entitlement can be weeded out early in the discovery process . . . .").
[5] The CFTC's conclusory group allegations fail to plead a valid claim on the merits for many of the same reasons they fail to show jurisdiction. It would be unjust to allow a plaintiff to burden nonresident defendants with discovery that could not be obtained from a resident defendant filing an ordinary Rule 12(b)(6) motion against the same claims.

contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and . . . from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court." Report at 17.  Yet, the CFTC failed to timely object to the Report, which denied the CFTC's request for jurisdictional discovery.  The Report specifically states that the CFTC "has wholly abdicated its duty to provide the Court with such information in support of its request for jurisdiction discovery." *Id.* at 15.  The Court can deny Plaintiff's request for jurisdictional discovery on this basis alone. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that when parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it); *Day v. Cuna Mut. Grp.*, No. 1:19-CV-1188-RP, 2021 WL 298200, at *1 (W.D. Tex. Jan. 12, 2021) (Pitman, J.) ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Even if the CFTC had objected to the Report, it still cannot use the objection process to relitigate an issue it did not properly brief in the first instance.  If a party timely objects to a magistrate judge's proposed findings and recommendations, a party "secure[s] *de novo* review by the district court." *Day*, 2021 WL 298200, at *1.  As the Fifth Circuit recognizes, each party "'has a duty to put its best foot forward' before the Magistrate Judge — i.e., 'to spell out its arguments squarely and distinctly' — and, accordingly, . . . a party's entitlement to *de novo* review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge." *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir. 1994) (quoting *Paterson-Leitch Co. v.*

*Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988)).  Additionally, where the arguments made in the objections "reurge the arguments thoroughly and properly addressed by the magistrate judge in his Report and Recommendation," courts will overrule such objections and approve and adopt the magistrate judge's report and recommendations.  *See Rusk v. Sandoz, Inc.*, No. 1:14-CV-549-LY, 2016 WL 11782890, at *1 (W.D. Tex. Sept. 7, 2016).  Again, the CFTC had every opportunity to brief the Court on its jurisdictional requests in response to Defendants' motions to dismiss, the Magistrate Judge thoroughly and properly addressed the CFTC's arguments, such as they were, and found that the Plaintiff "wholly abdicated its duty" in seeking such discovery.  Report at 15; *see also id*. at 12, 16.

Additionally, the CFTC could have moved for jurisdictional discovery as an alternative to its opposition to each of the Cartus' motions to dismiss and did not.  *See* Dkt. 67 at 35 (requesting permission solely to amend the complaint as an alternative relief).  Indeed, individuals from this very group of CFTC attorneys have been admonished by at least one other court that a request for jurisdictional discovery is more properly requested in an opposition to a motion to dismiss.  *See CFTC v. HDR Global Trading Ltd.*, 20-cv-08132-MKV (S.D.N.Y. 2021), Dkt. No. 62.  For these reasons, the Court should deny the CFTC's late and improper request for jurisdictional discovery.

**II.     The CFTC Fails to Make Factual Allegations That Suggest with Reasonable Particularity the Possible Existence of Requisite Contacts and Instead Engages in an Improper Fishing Expedition.**

To support a request for jurisdictional discovery, Plaintiff must first make "a preliminary showing of jurisdiction" through "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts."  *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).  "[T]he plaintiff should describe the discovery they intend to conduct, what facts may be revealed, and how those facts will ultimately support an exercise of jurisdiction."

*Silicon Lab'ys Inc. v. Maxlinear, Inc.*, No. A-12-CA-692-SS, 2012 WL 12892287, at *1 (W.D. Tex. Oct. 11, 2012); *see also Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015) ("In other words, Plaintiff must state what facts discovery is expected to uncover and how those facts would support personal jurisdiction."). "A plaintiff is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (internal quotation marks omitted). "Mere speculation is not sufficient to support a request for further discovery." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, No. 1:15-CV-0060 AWA, 2019 WL 6699789, at *2 (W.D. Tex. Dec. 9, 2019); *see also Catalyst Medium Four, Inc. v. CardShark, LLC*, 2015 WL 1412591, at *8 (W.D. Tex. Mar. 26, 2015) (a party's "request for jurisdictional discovery in the hopes it might, with any luck, reveal jurisdiction is a textbook fishing expedition").

The CFTC falls woefully short of asserting factual allegations making a "preliminary showing of jurisdiction" or suggesting with "reasonable particularity" the possible existence of sufficient contacts between each of the Cartus and the United States. Instead, it repeats the same generalized allegations that improperly group for jurisdictional purposes each of the individual Cartus together and restates its continued unsupported *ipse dixit* that the Cartus directed communications towards the United States, oversaw communications via the Cartu Brands website, and controlled various unnamed individuals and brokers who allegedly contacted U.S. customers. The CFTC's failure to provide any additional facts that could be supported by discovery simply confirms that the CFTC again lacks evidence supporting a reasonable basis for jurisdiction.

Further, the Report's conclusions were not based on issues of disputed fact, but on a facial pleading challenge to the sufficiency of Plaintiff's allegations. *See SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Europe Gmbh*, No. 3:14-CV-3300-B, 2015 WL 4162599, at *4 (N.D. Tex. July 9, 2015) (finding that the fact that the magistrate rejected the sufficiency of pleadings supported the conclusion "that Plaintiffs have failed to point to factual disputes requiring jurisdictional discovery"). This is not a situation where parties have presented dueling jurisdictional affidavits that raise disputed facts. It is a simple pleading challenge under a well-established Rule 12 standard that the CFTC failed to meet. The CFTC has not raised "factual disputes requiring jurisdictional discovery."

As a result, the CFTC's new request for jurisdictional discovery is by no means "limited" as Plaintiff suggests, but is rather an overly broad fishing expedition. The CFTC presents a non-exhaustive list of nine requests, many of which appear to go to the merits of the Plaintiff's claims, rather than jurisdiction. *See* Dkt. No. 79 at 7. There are no specific or particularized requests. Instead, the CFTC again relies on grouping together David, Jonathan, and Josh as the "Cartu Brothers" — a practice that the Magistrate Judge has already admonished the CFTC for relying upon — and requests discovery on *all activities* conducted by a myriad of companies or entities and alleged agents, brokers, individuals, named and unnamed, allegedly associated with various unspecified binary options brands. *Id.*

Also notable is the CFTC's flip-flopping on its theory of jurisdiction. Despite conceding in its opposition to each of the Cartus' motions to dismiss that "the CFTC does not rely on the website to demonstrate U.S.-directed activity" (Dkt. No. 67 at 7, FN 5), in its current motion, the CFTC asserts that "[t]he Commission also believes that the Magistrate Judge failed to consider representations on the Cartu Brands' websites as communications to individuals in the U.S. in light

of the Cartu Brothers' 'efforts to operate a fraudulent binary options scheme on a global level'" and that "[t]his discovery is also expected to establish that David, Jonathan, and/or Joshua created, edited, and approved the misrepresentations that went to U.S. customers via the Cartu Brand websites." Dkt. No. 79 at 3, 8. The CFTC's inability to articulate a cohesive basis for jurisdiction is further evidence that this current motion is simply a fishing expedition. To date, the CFTC has been unable to provide any concrete link between any of the specific, individual Cartu brothers and the alleged conduct in this case.

To grant the CFTC jurisdictional discovery requests on such speculative grounds, particularly when the CFTC offers no explanation for why its current discovery requests could not have been gathered through the exercise of its numerous and robust investigatory powers, would place an unnecessary and untenable burden on Defendants. *See Edmondson v. Cedar Park Health Sys., L.P.*, No. 1:17-CV-1030-LY, 2018 WL 4677897, at *4 (W.D. Tex. Jun. 18, 2018).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Jurisdictional Discovery should be denied.

Dated: June 13, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ *Peter A. Stokes*　　　　　　 | /s/ *Glenn C. Colton*　　　　　　 |
| Peter A. Stokes<br>State Bar No. 24028017<br>**NORTON ROSE FULBRIGHT US LLP**<br>peter.stokes@nortonrosefulbright.com<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701-4255<br>Telephone: (512) 474-5201<br>Facsimile: (512) 536-4598 | Glenn Colton (*Admitted Pro Hac Vice*)<br>Michelle J. Shapiro (*Admitted Pro Hac Vice*)<br>**ARENT FOX LLP**<br>1301 Avenue of the Americas, Floor 42<br>New York, NY 10019<br>Tel. 212-484-3972<br>Fac. 212-484-3990<br>glenn.colton@arentfox.com<br>michelle.shapiro@arentfox.com |
| Kevin Harnisch (*Admitted Pro Hac Vice*)<br>kevin.harnisch@nortonrosefulbright.com<br>799 9th Street NW<br>Washington, DC 20001-4501<br>Telephone: (202) 662-4520<br>Facsimile: (202) 662-4643 | /s/ *Gregg N. Sofer*　　　　　　<br>Gregg N. Sofer<br>**HUSCH BLACKWELL LLP**<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701<br>Tel. 512-472-5456<br>Fac. 512-479-1101<br>gregg.sofer@huschblackwell.com |
| Katey L. Fardelmann (*Admitted Pro Hac Vice*)<br>katey.fardelmann@nortonrosefulbright.com<br>1301 Avenue of the Americas<br>New York, New York<br>Telephone: (212) 318-3226<br>Facsimile: (212) 318-3400 | *Attorney for Defendant Joshua Cartu* |
| *Attorneys for Defendant David Cartu* | |
| | /s/ *David B. Harrison*　　　　　<br>David B. Harrison (*Admitted Pro Hac Vice*)<br>Eric H. Jaso (*Admitted Pro Hac Vice*)<br>**SPIRO HARRISON**<br>830 Morris Turnpike 2nd Fl.<br>Short Hills, NJ 07078<br>Tel. 973-232-4109<br>Fac. 973-232-0887<br>dharrison@spiroharrison.com<br>ejaso@spiroharrison.com |
| | /s/ *Joe Kendall*　　　　　　<br>Joe Kendall<br>Texas Bar No. 11260700<br>**KENDALL LAW GROUP, PLLC**<br>3811 Turtle Creek Blvd. Suite 1450 |

Dallas, TX 75219
Tel. 214-744-3000
Fac. 214-744-3015
jkendall@kendalllawgroup.com

*Attorneys for Defendant Jonathan Cartu*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on June 13, 2022, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*