**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**DAVID CARTU, JONATHAN CARTU, JOSHUA CARTU, RYAN MASTEN, LEEAV PERETZ, NATI PERETZ, ALL OUT MARKETING LIMITED, BAREIT MEDIA LLC D/B/A SIGNALPUSH, AND ORLANDO UNION, INC.**<br><br>    **Defendants.** | **Case No: 1:20-CV-908-RP** |

## JOINT STATUS REPORT

Pursuant to the Court's June 21, 2022 Order (ECF No. 81), the parties jointly submit this Status Report concerning Plaintiff Commodity Futures Trading Commission's Motion for Leave to Conduct Jurisdictional Discovery (ECF No. 79, the "Motion").  Counsel for the CFTC and each of the Defendants attended a telephonic conference on June 28, 2022, but were unable to resolve any of the outstanding issues.  The parties' respective positions during the conference are set forth below:

**Plaintiff's Position:**  The CFTC took the following position during the telephonic conference:  although the arguments set forth in the Cartus' Opposition (ECF No. 80) are meritless, counsel for the CFTC expressed a willingness to meaningfully narrow the discovery it seeks.  Counsel for the Cartu Brothers did not make any proposals at that time.  However, should the Court permit discovery, the CFTC will serve tailored discovery requests and will stand ready to negotiate in good faith with the Cartus to ensure that the requests do not present an undue

burden.  More specific negotiations are unlikely to be productive discovery requests are served on the Cartus.

      With respect to the Opposition, the CFTC made three points, none of which convinced the Cartus to accede to discovery:  **first,** contrary to the Opposition, the Motion was not an "improper attempt to circumvent the Report & Recommendation objection process."  (ECF No. 80 at 2.)  Simply put, the Motion is not an objection to the Report and Recommendation, which recommended that the District Court grant the Cartus' motions to dismiss without prejudice, but did not recommend that the District Court issue any order regarding jurisdictional discovery. (ECF No. 77 at 17.)  The CFTC has chosen not to file an objection to that recommendation.

      **Second,** the Opposition argues contrary to authority in this District that the Motion was procedurally improper because the request for discovery was not made "in an opposition to a motion to dismiss."  (ECF No. 80 at 5.)  In a case where plaintiffs "spent a significant portion of their response to . . . [a] motion to dismiss for lack of personal jurisdiction explaining why they should be permitted to engage in jurisdictional discovery," Judge Pitman held that "[t]his was not the correct procedure to request jurisdictional discovery."  *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 2018 WL 315753, at *8 (W.D. Tex. Jan. 5, 2018).  According to Judge Pitman, "the appropriate way to request jurisdictional discovery would be through motion, not through a responsive brief to a motion filed by another party."  *Id.* at *8 n.4 (citing Fed. R. Civ. P. 7(b)(1)). This is the procedure this motion follows.

      **Third,** the Opposition wrongly argues that the CFTC has not made factual allegations "that suggest with reasonable particularity the possible existence of requisite contacts."  (ECF No. 80 at 5–8.)  The Cartus are incorrect to suggest—without support—that there must be some argument from defendants that the allegations in the Complaint are factually incorrect.  (*See id.*

at 7.)  Indeed, in one case cited by the CFTC in its Motion, defendants moved for dismissal on personal jurisdiction grounds, which the plaintiff opposed by arguing that the defendants were engaged in a "single enterprise," much like the Cartus here.  *James R. Beneke, Inc. v. Aon Risk Servs., Inc. of Ga.*, 2007 WL 9701574, at *1 (W.D. Tex. Aug. 24, 2007) (Pitman, J.).  Many of the "single enterprise" allegations in that case mirror those made here, and the District Court held that, "[a]lthough thin . . . these allegations [are] sufficient to permit Plaintiff an opportunity to engage in limited jurisdictional discovery as to the single enterprise theory of jurisdiction."  *Id.* at *2 (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).  The CFTC met its burden when it stated that discovery "is expected to establish that David, Jonathan, and/or Joshua . . . hired, supervised, and controlled the individual brokers who directly contacted individuals in the United States," and "specifically directed communications regarding the binary options transactions at issue to customers in the United States."  (Mot. at 8–9.)

Accordingly, Plaintiff believes that the Court will need to determine whether the CFTC should be permitted to conduct jurisdictional discovery.

**Defendants' Position:**  At the June 28, 2022 meet and confer, counsel for the Defendants requested that the CFTC propose specific discovery requests for Defendants to consider and enable them to formulate a position with respect to those specific requests.  Despite its clear obligation to describe with some specificity the requested discovery, the CFTC declined to do so, stating that the general categories of information identified in its original motion were sufficient.  Simply stating broad categories of desired discovery, that the CFTC acknowledges are overbroad and could be narrowed, but then refusing to propound specific discovery requests for Defendants to consider runs counter to the concept of a meaningful meet and confer on the issues.  While Defendants do not represent that they would have been amenable to particular requests or that they

3

would have agreed that jurisdictional discovery is appropriate in the current posture of the case, they were not given the opportunity to evaluate specific and tailored requests to make that decision.

Consequently, Defendants continue to jointly oppose the CFTC's request for jurisdictional discovery on the same grounds articulated in its Opposition: (1) the request circumvented the Report and Recommendation objection process and attempts to improperly relitigate the denial of the CFTC original request for jurisdictional discovery and (2) the letter request fails to make the necessary preliminary showing of jurisdiction, despite years of investigation, and instead is an improper fishing expedition. *See* ECF No. 80.

**First**, as the CFTC readily admits, it has opted to not engage in the objection process. The CFTC's only explanation for circumventing the objection process is the contention that the Report did not contain a recommendation to the District Court regarding jurisdictional discovery. This argument ignores the Report and Recommendation's clear finding that the CFTC "wholly abdicated its duty to provide the Court with such information in support of its request for jurisdiction discovery," and thereby denied the CFTC's request jurisdictional discovery. Report at 15. The CFTC should not be permitted to relitigate an issue already raised in its opposition briefing. Nor should Plaintiff be permitted to pretend it never raised the argument simply because it was not properly briefed. The Court should deny Plaintiff's request on this basis alone.

**Second**, Plaintiff's nine requests are extraordinarily broad and go largely to the merits of the case rather than specific jurisdiction. The CFTC does not raise a factual dispute in its pleadings that requires jurisdictional discovery nor have they offered new facts that would suggest with reasonable particularity the possible existence of sufficient contacts between each of the individual defendants and the United States. The CFTC never developed a reasonable factual basis for alleging personal jurisdiction before it filed suit and, accordingly, the requests are nothing more

4

than a fishing expedition based on pure speculation as to the existence of some tenable relationship to the United States and the hope that discovery as to the activities of multiple companies and entities as well as unnamed agents, brokers, and other individuals will reveal evidence to support a "single enterprise" theory or that one or more of the Cartu brothers controlled a web of companies to effectuate the alleged binary options scheme. Plaintiffs reliance on *James R. Beneke, Inc. v. Aon Risk Servs., Inc. of Ga.*, 2007 WL 9701574 (W.D. Tex. Aug. 24, 2007) does not further its cause. In *James R. Beneke*, the court granted limited jurisdictional discovery solely on a single enterprise theory because (1) there were certain statements made by "Defendants which could indicate joint operations and actions, specifically as to the property which lies at the core of the claims in this case," (2) the various Defendants shared "Driftwood" in their names, and (3) Defendants had the same PPB, President, and VP. Plaintiff's pleadings do not even offer these "thin" allegations. *Id.* at *2. Unlike *James R. Beneke*, the CFTC does not allege any specific statements made by any of the Defendants, the various companies and entities do not share a common name, nor is there any allegations that they share any officers or executives. All of the CFTC's allegations as to the possible existence of contacts sufficient to establish personal jurisdiction are too conclusory to constitute even a colorable showing warranting jurisdictional discovery. Thus, to grant the CFTC jurisdictional discovery requests on such speculative grounds, particularly when the CFTC offers no explanation for why its current discovery requests could not have been gathered through the exercise of its numerous and robust investigatory powers, would place an unnecessary and untenable burden on Defendants. *See Edmondson v. Cedar Park Health Sys., L.P.*, No. 1:17-CV-1030-LY, 2018 WL 4677897, at *4 (W.D. Tex. Jun. 18, 2018).

**Finally**, the CFTC's reliance on *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 2018 WL 315753, at *8 (W.D. Tex. Jan. 5, 2018) appears to be a post-hoc attempt to justify its

procedural missteps.  In that case, Judge Pitman found that plaintiff's request for jurisdictional discovery was improper because it was made through a responsive brief to defendant's motion to dismiss.  First, as detailed below, the CFTC seems to erroneously assert that they did not seek jurisdictional discovery in its opposition to the motions to dismiss when they patently did.  Second, what the CFTC fails to recognize is that the factual circumstances of the *Embarcadero* case were very different.  There, plaintiff's opposition to defendant's motion to dismiss included no substantive responses to defendant's arguments regarding lack of personal jurisdiction.  *See generally Embarcadero Techs., Inc. v. Redgate Software, Inc.*, No. 1:17-cv-444-RP, Dkt. No. 50.  Instead, the vast majority of plaintiff's opposition brief was styled as a motion for jurisdictional discovery.  *See generally id.*   Indeed, the CFTC's opposition to the Cartus' motions to dismiss for lack of personal jurisdiction did contain precisely such a request for jurisdictional discovery as an alternative – a request already rejected by this Court.  *See* Dkt. No. 77 at 12 ("Moreover, in its request for jurisdictional discovery, the CFTC did not elucidate the type of discovery it seeks, or how such discovery would 'change the jurisdictional determination.'") (citations and quotations omitted); *id* at 15 ("here the CFTC has wholly abdicated its duty to provide the Court with such information in support of its request for jurisdictional discovery."); *see also* Dkt. 67, at 16 (stating, without more, that 'if the Court believes more evidence is necessary to establish personal jurisdiction, the CFTC respectfully requests that the Court order limited jurisdictional discovery'"); Dkt. No. 77 at 17 ("the CFTC has not met its burden of showing what discovery it seeks, and how that discovery might serve to change the jurisdictional analysis in this case.").  Moreover, nothing in the *Embarcadero* opinion approves of the CFTC's machinations here of asking for jurisdictional discovery in an opposition to a motion to dismiss and then claiming that it did not really ask for jurisdictional discovery only ***after*** a Court evaluated

its request and denies it as "wholly abdicat[ing] its duty" to support that request for jurisdictional

discovery.  This is particularly troubling and prejudicial to Defendants given that the CFTC had

years and every opportunity to utilize its robust investigative powers to conduct a proper pre-suit

investigation and develop facts to support personal jurisdiction.

For these reasons and the reasons stated in Defendants' Opposition, Plaintiff's Motion for

Jurisdictional Discovery should be denied.

Dated:  July 6, 2022                                   Respectfully submitted,

                                                       /s Benjamin E. Sedrish

                                                       Benjamin E. Sedrish
                                                       Elizabeth N. Pendleton
                                                       Elizabeth M. Streit

                                                       Attorneys for Plaintiff
                                                       Commodity Futures Trading Commission
                                                       525 W. Monroe Street, Suite 1100
                                                       Chicago, IL 60661
                                                       Tel. (312) 596-0700
                                                       Fac. (312) 596-0714
                                                       bsedrish@cftc.gov
                                                       ependleton@cftc.gov
                                                       estreit@cftc.gov

/s/ Peter A. Stokes                        /s/ Glenn C. Colton
Peter A. Stokes                            Glenn Colton (Admitted Pro Hac Vice)
State Bar No. 24028017                     Michelle J. Shapiro (Admitted Pro Hac Vice)
NORTON ROSE FULBRIGHT US LLP               ARENT FOX LLP
peter.stokes@nortonrosefulbright.com       1301 Avenue of the Americas, Floor 42
98 San Jacinto Boulevard, Suite 1100       New York, NY 10019
Austin, Texas 78701-4255                   Tel. 212-484-3972

7

Telephone: (512) 474-5201
Facsimile: (512) 536-4598

Kevin Harnisch (*Admitted Pro Hac Vice*)
kevin.harnisch@nortonrosefulbright.com
799 9th Street NW
Washington, DC 20001-4501
Telephone: (202) 662-4520
Facsimile: (202) 662-4643

Katey L. Fardelmann (*Admitted Pro Hac Vice*)
katey.fardelmann@nortonrosefulbright.com
1301 Avenue of the Americas
New York, New York
Telephone: (212) 318-3226
Facsimile: (212) 318-3400

*Attorneys for Defendant David Cartu*

Fac. 212-484-3990
glenn.colton@arentfox.com
michelle.shapiro@arentfox.com

/s/ *Gregg N. Sofer*
Gregg N. Sofer
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, TX 78701
Tel. 512-472-5456
Fac. 512-479-1101
gregg.sofer@huschblackwell.com

*Attorney for Defendant Joshua Cartu*

/s/ *David B. Harrison*
David B. Harrison (*Admitted Pro Hac Vice*)
Eric H. Jaso (*Admitted Pro Hac Vice*)
**SPIRO HARRISON**
830 Morris Turnpike 2nd Fl.
Short Hills, NJ 07078
Tel. 973-232-4109
Fac. 973-232-0887
dharrison@spiroharrison.com
ejaso@spiroharrison.com

/s/ *Joe Kendall*
Joe Kendall
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd. Suite 1450
Dallas, TX 75219
Tel. 214-744-3000
Fac. 214-744-3015
jkendall@kendalllawgroup.com

*Attorneys for Defendant Jonathan Cartu*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 6, 2022, a copy of the foregoing motion was served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s Benjamin E. Sedrish* _____