FILED
August 29, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Julie Golden_____
         DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**JONATHAN CARTU, RYAN MASTEN, LEEAV PERETZ, NATI PERETZ, BAREIT MEDIA LLC D/B/A SIGNALPUSH, AND BLUE MOON INVESTMENTS, LTD.,**<br><br>Defendants. | Case No: 1:20-CV-908-RP |

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS RYAN MASTEN AND BAREIT MEDIA LLC**

### I.     INTRODUCTION

On September 2, 2020, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendants Ryan Masten and BareIt Media LLC ("Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2022).

### II.     CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against Defendants Ryan Masten and BareIt Media LLC without a trial on the merits or any further judicial proceedings, Defendants:

1. Consent to the entry of this Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief Against Defendants Ryan Masten and BareIt Media LLC ("Consent Order");

2. Affirm that they have read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledge service of the summons and Complaint;

4. Admit the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admit the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to the Act;

6. Admit that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7. Waive:

   (a) Any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2022), relating to, or arising from, this action;

   (b) Any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

   (c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

   (d) Any and all rights of appeal from this action;

8. Acknowledge that the Commission is the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice Act and the Small Business Regulatory Enforcement Fairness Act of 1996 specified in subparts (a) and (b) of paragraph 7 above;

9. Consent to the continued jurisdiction of this Court over them for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendants now or in the future reside outside the jurisdiction of this Court;

10. Agree that they will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

11. Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the CFTC is not a party. Defendants shall comply with this agreement, and shall undertake all steps necessary to ensure that all of their agents and/or employees under their authority or control understand and comply with this agreement;

12. Consent to the entry of this Consent Order without admitting or denying the allegations of the Complaint or any findings or conclusions in this Consent Order, except as to jurisdiction and venue, which they admit;

13. Consent to the use of the findings and conclusions in this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

14. Do not consent, however, to the use of this Consent Order, or the findings and conclusions herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a: statutory disqualification proceeding; proceeding in bankruptcy, or receivership; or proceeding to enforce the terms of this Order; and

15. Agree that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants in any other proceeding.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein. The findings and conclusions in this Consent Order are not binding on any other party to this action.

**THE PARTIES AGREE AND THE COURT HEREBY FINDS:**

**A.** **Findings of Fact**

**The Parties to this Consent Order**

16. Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act and the Regulations.

17. Defendant **Ryan Masten** currently resides in Austin, Texas. Masten previously was registered with the CFTC as an Associated Person ("AP") of a registered commodity trading advisor ("CTA") and an AP and principal of an introducing broker. Masten is currently registered with the CFTC as an AP of RHM Investments LLC, a registered CTA.

18. Defendant **BareIt Media LLC** is a Texas LLC with its principal place of business in Lakeway, Texas. BareIt Media has never been registered with the CFTC in any capacity.

**Masten and BareIt Media Failed to Register with the Commission**

19. BareIt Media is a Texas limited liability company incorporated on March 27, 2012. From 2012 to the present, BareIt Media has been owned and controlled by Masten.

20. From at least May 1, 2013 until May 1, 2017 ("Relevant Period"), BareIt did business as SignalPush. In exchange for compensation, SignalPush offered customers and potential customers the ability to obtain trade signals and to automate trading on binary options platforms using those trade signals.

21. During the Relevant Period, Masten controlled BareIt Media and solicited customers and potential customers to sign up for the SignalPush service.

22. During the Relevant Period, BareIt Media was not registered with the CFTC as a commodity trading advisor, and Ryan Masten was not registered as an associated person of a commodity trading advisor.

B. **Conclusions of Law**

**Jurisdiction and Venue**

23. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1331 (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a),

provides that the CFTC may bring actions for injunctive relief or to enforce compliance with the Act or any rule, regulation, or order thereunder in the proper district court of the United States whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

24. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because Defendants reside in this jurisdiction and the acts and practices in violation of the Act occurred within this District.

**Failure to Register as a Commodity Trading Advisor**

25. By the conduct described in paragraphs 20 through 22 above, Defendant BareIt Media acted as a commodity trading advisor by, for compensation or profit, engaging in the business of advising others, either directly or through publications, writings, or electronic media, as to the value or advisability of trading in any commodity option, and failed to register as such, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

**Failure to Register as an Associated Person of a Commodity Trading Advisor**

26. By the conduct described in paragraphs 20 to 22 above, Defendant Ryan Masten acted as an associated person of a commodity trading advisor by associating with BareIt Media, a commodity trading advisor, as a partner, officer, employee, consultant, or agent in a capacity that involved the solicitation of a client's or prospective client's discretionary account, and failed to register as such, in violation of Section 4k(3) of the Act, 7 U.S.C. § 6k(3).

27. Unless restrained and enjoined by this Court, there is a reasonable likelihood that Defendants will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act and Regulations.

## IV. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

28. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant Ryan Masten is permanently restrained, enjoined, and prohibited from directly or indirectly associating with a commodity trading advisor as a partner, officer, or agent in a capacity that involves the solicitation of customer or prospective customer accounts while failing to register as an associated person of a commodity trading advisor, in violation of Section 4k(3) of the Act, 7 U.S.C. § 6k(3).

29. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant BareIt Media LLC is permanently restrained, enjoined, and prohibited from advising customers on trading commodity interests for compensation or profit, without first registering as such, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

## V. CIVIL MONETARY PENALTY

**A.  Civil Monetary Penalty**

30. Defendants shall pay, jointly and severally, a civil monetary penalty in the amount of one hundred thousand dollars ($100,000) ("CMP Obligation"), within thirty days of the date of the entry of this Consent Order. If the CMP Obligation is not paid in full within thirty days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

31. Defendants shall pay their CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank

money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-amz-ar-cftc@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Tonia King or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

**B. Provisions Related to Monetary Sanctions**

32. Partial Satisfaction: Acceptance by the CFTC of any partial payment of Defendants' CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Consent Order, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

**C. Cooperation**

33. Defendants shall cooperate fully and expeditiously with the CFTC, including the CFTC's Division of Enforcement and any other governmental agency or any self-regulatory organization, in this action, and in any current or future CFTC investigation or action related

thereto.  Defendants shall also cooperate in any investigation, civil litigation, or administrative matter related to, or arising from, this action.

## VI. MISCELLANEOUS PROVISIONS

34. Until such time as Defendants satisfy in full their CMP Obligation under this Consent Order, upon the commencement by or against either Defendant of insolvency, receivership or bankruptcy proceedings or any other proceedings for the settlement of either Defendant's debts, all notices to creditors required to be furnished to the CFTC under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership bankruptcy or other proceedings, shall be sent to the address below:

> Secretary of the Commission
> Office of the General Counsel
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street N.W.
> Washington, DC 20581

35. Notice:  All notices required to be given by any provision in this Consent Order, except as set forth in paragraph 34, above, shall be sent certified mail, return receipt requested, as follows:

Notice to CFTC:

> Robert T. Howell
> Deputy Director, Division of Enforcement
> Commodity Futures Trading Commission
> 77 W Jackson Blvd., Suite 800
> Chicago, IL  60604

Notice to Defendants:

> Ryan Masten
> c/o Douglas Gansler, Esq.
> Cadwalader, Wickersham & Taft LLP
> 700 Sixth Street., NW
> Washington, DC  20001

All such notices to the CFTC shall reference the name and docket number of this action.

36. **Change of Address/Phone:** Until such time as Defendants satisfy in full their CMP Obligation as set forth in this Consent Order, Defendants shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

37. **Entire Agreement and Amendments:** This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

38. **Invalidation:** If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

39. **Waiver:** The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

40. **Continuing Jurisdiction of this Court:** This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Consent Order.

41. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise: (1) Defendants; (2) any officer, agent, servant, employee, or attorney of either Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

42. Authority: Ryan Masten hereby warrants that he is President of BareIt Media LLC, and that this Consent Order has been duly authorized by BareIt Media LLC and he has been duly empowered to sign and submit this Consent Order on behalf of BareIt Media LLC.

43. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

44. Contempt: Defendants understand that the terms of the Consent Order, except with respect to the civil monetary penalty, are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Consent Order.

45. Agreements and Undertakings: Defendants shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief* forthwith and without further notice.

**IT IS SO ORDERED** on this  29th  day of    August               , 2023.

_____
**ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

CONSENTED TO AND APPROVED BY:

_____
BareIt Media, LLC

Date: 7/31/2023

_____
Ryan Masten, individually

Date: 7/31/2023

Approved as to form:

Douglas Gansler
Cadwalader, Wickersham & Taft LLP
700 Sixth Street, NW
Washington, DC  20001
Douglas.Gansler@cwt.com
(202) 862-2300

*/s Benjamin E. Sedrish*
Benjamin E. Sedrish
Elizabeth N. Pendleton
Elizabeth M. Streit
Commodity Futures Trading Commission
77 W Jackson Blvd., Suite 800
Chicago, IL  60604
(312) 596-0700
bsedrish@cftc.gov
ependleton@cftc.gov
estreit@cftc.gov

Date:  7/31/2023